2732.  Wilson *v.* The State.

Russell, J.  1. Where the charge of the court is argumentative and so strongly states the contentions of one of the parties as to weaken and disparage those of the opposite party, and thus is liable to impress the jury that the court is of the opinion that the defendant is guilty, a new trial should be granted.

2. A contention not supported by evidence should not be presented by the court in charging the jury.  Nor can a judge properly state to the jury (unless the fact be admitted by both parties) that a witness who has testified in the case is shown by the evidence to be guilty of a crime.  It was error to charge the jury that "under the evidence of the witness Kidd, he is guilty of receiving stolen goods, but the fact that he is guilty of·that offense does not make him an accomplice with the person who took and carried away the goods, and does not impeach him," etc. From its connection with what preceded it, it is possible that the jury may have supposed that the judge was referring to the defendant when he stated, "he is guilty;" but assuming that the jury had no doubt that the court was referring to the witness Kidd, the judge was still not authorized to state to the jury that he had concluded from the evidence that Kidd was guilty of receiving stolen goods, and that even if he was guilty, under the evidence, the jury could not, under the evidence, come to the conclusion for themselves that he was an accomplice.  While, as a matter of law, one who knowingly receives stolen goods is not, by reason of that fact alone, an accomplice, still the question whether, under the evidence submitted, Kidd was an accomplice, regardless of whether· he was guilty of receiving a portion of the stolen goods or not, as well as the question whether he was guilty of receiving stolen goods, was a question of fact to be determined by the jury, in passing upon what credit they would attach to his testimony.

3. One who is accused of crime is not required to introduce testimony to assert his innocence.  He may exercise his own judgment is relying upon the State's failure to prove his guilt.  Consequently, it is error for the judge in any criminal case, in which the defendant has introduced no testimony, to give in charge to the jury the rule stated in the Penal Code (1895), § 989, that "when a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies upon that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted."  The above-stated rule of evidence is inferior to and in derogation of the privilege which the law allows a defendant of making a statement to the jury, and of having it believed, if the jury see fit to give it that weight, in preference to all the sworn testimony.  Section 989, supra, is applicable only in considering the comparative weight of evidence, and has no application to the statement of the defendant; and is not to be given in charge against the defendant in a criminal case.  *Mills* v. *State*, 133 *Ga.* 155 (65 S. E. 368).

*Judgment reversed.*

Decided February 15, 1911.

Indictment for burglary; from Whitfield superior court—Judge Fite. June 7, 1910.

*George G. Glenn, Maddox, McCamy & Shumate,* for plaintiff in error.

*Thomas C. Milner, solicitor-general, George W. Stevens,* contra.