## 16781. GRIFFIN v. THE STATE.

"In the courts of this State juries and not judges sum up the evidence." "In delivering his charge he (the judge) should carefully avoid an invasion of the province of the jury. He should refer to the evidence only so far as is necessary to present the leading issues of the cause, leaving the minor contentions of opposing counsel to the consideration of the jury under appropriate general instructions. It should contain no such summary of the evidence as might to a jury seem either to be an argument or amount to the expression or intimation of an opinion thereon." "Where the charge of the court is argumentative and so strongly states the contentions of one of the parties as to weaken and disparage those of the opposite party and thus is liable to impress the jury that the court is of the opinion that the defendant is guilty, a new trial should be granted." Such errors as above referred to are "not diminished by the use of such expressions as 'the State insists,' 'it is contended,' etc."

DECIDED NOVEMBER 11, 1925.

Conviction of burglary; from Chatham superior court—Judge Meldrim. August 10, 1925.

*Shelby Myrick,* for plaintiff in error.
*Walter C. Hartridge, solicitor-general,* contra.

BLOODWORTH, J. A new trial is asked for on several grounds, one of them being that the court erred in charging the jury as follows: "It is insisted upon the part of the State that the prisoner is guilty. The State contends that two men came in here from the country, had in their possession a certain amount of money, got to drinking, they met up with a man named Kirkland, and afterwards with the prisoner, that the prisoner at that time was a motorcycle policeman of the City of Savannah, that that policeman and this defendant, one of these defendants went off together, one of these defendants mounted behind him on his motorcycle, to get liquor, and that they did get liquor; that they went to a hotel in the city, at which these two men had registered in room 115; that one of these prosecuting witnesses, Haskins, went to his room; that afterwards these two men, Griffin and Kirkland, went to the same room, Griffin going up last; that about ten minutes after Griffin went up the hotel clerk heard a crash. The contention on the part of the State is that Griffin or Kirkland, either separately or together, pushed in the transom over the door, pushed it in from the outside, is the contention on the part of the State, because the State contends it was found inside of the room. The State's contention is that this prisoner and Kirkland entered

that room in that way, and with the intent to commit a felony or larceny therein. See whether or not these two witnesses, Haskins and the other man, occupied that room that night; see whether or not that room was broken and entered that night. That is the first question you are to determine. If you find that a burglary was committed, then determine who committed it. If you find there was no burglary committed, that ends this case. The State contends that the prisoner at the bar committed that burglary along with one Kirkland. The burden is on the State to prove that the prisoner at the bar did commit it, and it must show to your satisfaction beyond a reasonable doubt that this man did commit it. Now the State's contention is, that this man as a policeman had gone off with this man to get liquor; that they came back to this hotel; that one of the prosecuting witnesses had gone to his room, and that this man followed up the last one, stopping long enough down stairs in the office to telephone a woman about three o'clock in the morning; that shortly after he went up this noise was heard, and that afterwards this transom was found broken out and on the inside of the room. See whether or not those were the facts. If they were, then determine who broke that transom out and for what purpose it was broken out. The State contends that the defendant broke it out, either by himself or with Kirkland,— that it was broken out in [to?] go in there to get some liquor, and while in there to get this money. It is contended upon the part of the State that the two prosecuting witnesses did have money,—in one case two five-dollar bills and four one-dollar bills. It is contended upon the part of the State that one of these witnesses had in his possession a memorandum or writing, together with a No. 70 Ford key, and that after this alleged burglary $14, ten dollars made up of two five-dollar bills and four one-dollar bills were found in the possession of this defendant." By counsel for defendant: "$16.50 was found." By the court to the jury: "You, gentlemen, will determine it. It is your business to remember the evidence. I am not expressing or intimating any opinion as to what was proved. I am telling you what I understand to be the contention on the part of the State, and that is, that there was found in the recent possession of this prisoner two five-dollar bills and four one-dollar bills. The contention is that those two five-dollar bills and four one-dollar bills were taken from Haskins.

That is the contention. The contention further is that that memorandum was in Haskins' possession, and the key No. 70 to Ford car, and that that memorandum and that that key was found in the possession of this defendant. That is the contention. The contention further is that when they asked this prisoner to explain the possession of the key, he said he had two keys, and at one time; the contention is that he said he did not understand how he got the key. The contention on the part of the State further is that he admitted that he had gotten this paper, but he explained the possession of the paper,—such is the contention on the part of the State, by saying that when Shuman gave him the money, or Haskins, as the case may be, he must have given him this paper with it." This portion of the charge is alleged to be error because: (*a*) It is highly argumentative. (*b*) It unduly stressed the contentions of the State without any statement anywhere in the charge of the contentions of the defendant. (*c*) It marshalled in concrete form all the evidence of the State and tended to lead the jury to believe that the court thought the defendant guilty. (*d*) It amounted to an expression of an opinion that the defendant was guilty.

In *Nelson* v. *State,* 124 *Ga.* 9 (52 S. E. 20), Presiding Justice Cobb said: " 'The office of a charge by the court is to give to the jury such instruction touching the rules of law pertinent to the issues involved in the pending trial, as will enable them intelligently to apply thereto the evidence submitted, and from the two constituents law and fact make a verdict. In delivering his charge the trial judge should carefully avoid an invasion of the province of the jury. He should refer to the evidence only so far as is necessary to present the leading issues of the cause, leaving the minor contentions of opposing counsel to the consideration of the jury under appropriate general instructions. It should contain no such summary of the evidence as might to a jury seem either to be an argument or amount to the expression or intimation of an opinion thereon.' *Thomas* v. *State,* 95 *Ga.* 484 [22 S. E. 215]. It was held in the case from which the above quotation was made that it was error for the presiding judge to repeat the substance of the testimony of the State's witnesses and submit these with the argumentative deductions therefrom by the State's counsel, as issues in the case. The judge should not in his charge take up

and recapitulate in detail the testimony of the witnesses as it was delivered from the stand, in such a way as is calculated to leave the impression upon the minds of the jury that the testimony of such witnesses has established the fact contended for by one of the parties, or that such testimony is of a nature that is entitled to more consideration than other testimony in the case. *McVicker* v. *Conkle,* 96 *Ga.* 597 [24 S. E. 23]. The ruling in the case just cited practically goes to the extent of holding that it is error for the judge to state to the jury what a witness has testified, such a statement being in effect an expression of opinion as to what has been proved. *Suddeth* v. *State,* 112 *Ga.* 409 [37 S. E. 747]. The use of the expression 'it is contended,' or similar phrases, will not in all cases have the effect to relieve a charge detailing the evidence of a particular witness or witnesses from an objection that it amounts to an expression or intimation of opinion. *Smith* v. *Hazlehurst,* 122 *Ga.* 792 [50 S. E. 917]. We think that the charge under consideration was liable not only to leave the impression upon the minds of the jury that the facts testified to by the witnesses named had been established, but also that the testimony of such witnesses was entitled to more consideration than that of other witnesses who were not named or referred to in the charge. The case is at best upon the evidence close and doubtful, and the error in the charge is in our opinion such as to require a reversal of the judgment refusing to grant a new trial."

In *Waters* v. *State,* 3 *Ga. App.* 653 (60 S. E. 337), Chief Judge Hill said: "We would not be understood as holding that the trial court has no right to state the contentions of the parties and the issues, but he must state such contentions and issues fairly and impartially, without an opportunity for the jury to gather from his statement any leaning to one side rather than the other. We do not think, however, that it is ever fairly within the scope of the court's prerogative to sum up the facts and circumstances testified to by the witnesses. This duty the law of this State imposes upon the jury, and the court can safely leave the performance of such duty where the law places it." In *Wilson* v. *State,* 8 *Ga. App.* 816 (1) (70 S. E. 193), it was held: "Where the charge of the court is argumentative and so strongly states the contentions of one of the parties as to weaken and disparage those

34

of the opposite party, and thus is liable to impress the jury that the court is of the opinion that the defendant is guilty, a new trial should be granted." " 'In the courts of this State juries, and not judges, sum up the evidence.' *McVicker* v. *Conkle,* 96 *Ga.* 597 (24 S. E. 28). The judge should not, in his charge, review in detail each fact and circumstance in testimony in such a way as tends to impress the jury that the testimony has established the contention of one of the parties, or that certain testimony is entitled to more weight than other; and to so particularize and argumentatively enforce upon the jury various inferences which *may* arise from the evidence is an intimation of opinion forbidden by the Civil Code, § 4334; and the error is not diminished by the use of such expressions as 'the State insists,' 'it is contended,' etc. *Suddeth* v. *State,* 112 *Ga.* 409 (3) (37 S. E. 747)." *Rouse* v. *State,* 2 *Ga. App.* 184 (6). See also *Thompson* v. *State,* 160 *Ga.* 520 (3) (128 S. E. 756 (3), 757 (3))..

Under the principle announced in the foregoing cases the court erred in instructing the jury as complained of in the motion for a new trial. The learned trial judge not only stated at considerable length the contentions of the prosecutor, but gave a summary of the State's evidence, and pointed out and impressed upon the attention of the jury a number of circumstances which tended to show the defendant's guilt; and no specific contentions of the defendant were charged. The contentions of the State were thus given undue stress, and were so strongly stated as "to weaken and disparage those of the opposite party," and thus was liable to impress the jury that the court was of the opinion that the defendant was guilty. This charge is distinguishable from the charge in *Brown* v. *State,* 6 *Ga. App.* 356 (64 S. E. 1119), and the charges in other cases where the judgment of the lower court was affirmed.

As a new trial results from this ruling, it is not necessary to discuss the other assignments of error.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*