## 21311. CARROLL v. THE STATE.

DECIDED MAY 12, 1931.

*Powell & Dykes,* for plaintiff in error.

*T. Hoyt Davis, solicitor-general,* contra.

LUKE, J. E. D. Carroll was convicted of committing an assault with intent to murder by shooting J. M. Perry (a policeman) with a shotgun. He excepts to the judgment overruling his motion for a new trial.

J. M. Perry, the prosecutor in the case, testified, in substance, that "at first dark" on the night of October 1, 1930, the defendant, without provocation, shot at him twice with a shotgun from a distance of about thirty-five yards, missing him the first shot, but striking him in the face, head, body, and limbs the second shot, with forty-six No. 6 shot; that about forty minutes before the

shooting he and the defendant had a personal difficulty, precipitated by the defendant and arising out of the arrest of defendant's sixteen-year-old kinsman by the prosecutor for driving an automobile without lights; that during this difficulty witness struck the defendant with a "black-jack," but did not see him fall, and did not see any blood; that when witness next saw the defendant in front of Arp's filling-station he (defendant) had a shotgun; that defendant hollered, "lookout, buddy," and defendant's kinsman went to one side and the gun fired; that as soon after the defendant fired the first time as he could, witness shot at the defendant with his pistol; that thereupon the defendant "throwed up and shot again;" and that witness did not shoot until after the defendant had first fired at him. The State introduced several witnesses the material portion of whose testimony was substantially the same as that of the prosecutor.

U. A. Musselwhite, sworn for the defendant, testified that the prosecutor, in referring to the defendant, said to witness: "I will kill him; you know damn well I will." Several of the defendant's witnesses testified in effect that the prosecutor shot before the defendant shot; others, that during the difficulty hereinbefore referred to the prosecutor, without just cause, struck the defendant several times with said "black-jack," drawing considerable blood. Madge Tucker, sworn for the defendant, testified: that she heard the defendant say when he left the filling-station where the first difficulty occurred, "I will be back in a few minutes;" that she supposed defendant was addressing "the policeman;" that when she reached the defendant's house she saw him with his gun, and heard him say: "The policeman nearly killed me;" that she heard the defendant ask his wife for some shells; that in about five minutes defendant "walked back" with his gun, and "we were looking for trouble;" and that in just about the time it would have taken the defendant to get down town, witness heard shooting. The substance of the defendant's statement to the jury was that shortly before the shooting the prosecutor, without provocation, beat him severely with a black-jack; that upon reaching home he found out that his wounds were so serious that it was necessary for him to see a doctor; that he got his gun for protection because the prosecutor had made several threats against him, and went the most direct way to the doctor's; and that when he reached the filling-

station, the prosecutor, without provocation, shot directly at him with a pistol, and he returned the fire with his gun.

The second special ground of the motion for a new trial complains of the following charge of the court: "I charge you that one can not, by his conduct or actions, create an emergency or apparent emergency, which would make a reasonable man honestly believe he was about to be unlawfully attacked and that it was necessary to defend himself, and thus take advantage of the situation thus created by himself, and make an unlawful attack upon the person thus defending himself. I charge you, that if you believe the defendant in this case, by his own conduct, created an emergency, or apparent emergency, such as would make the prosecutor as a reasonable man believe he was about to be unlawfully attacked, and that under such conditions the prosecutor undertook to defend himself, and that the defendant unlawfully attacked him, you will be authorized and it will be your duty to find the defendant guilty." "Gentlemen, without any intention on the part of the court to give any undue emphasis to this particular principle of law, or to any other, for that matter, but leaving the matter solely for the jurors, as impartial jurors seeking the truth, the court will instruct you that it is the law in Georgia that a person can not create an emergency by his conduct or actions, which would make another believe that he was intending to unlawfully take his life, and take advantage of such other person's effort to defend himself against such unlawful attack, or such an unlawful attack as a reasonable man would believe was about to be committed upon him, for the purpose of killing or unlawfully shooting him. If one should create an emergency by his own conduct, such conduct that would make a reasonable person believe he was about to be unlawfully attacked with a deadly weapon, and that person should then undertake to defend himself against such unlawful attack, or such supposed unlawful attack, and if the defendant should then unlawfully attack him and shoot him under such circumstances, in that event he would be guilty of the offense of assault with intent to murder, or unlawfully shooting at another, whichever you find under the evidence and the rules of law given you in charge and which will hereinafter be given you in charge."

Briefly stated, the foregoing charge is excepted to as being argumentative, as unduly stressing the idea that the defendant created

an emergency, and as expressing an opinion that the defendant created an emergency. We have deemed it proper to set out in connection with this exception enough of the evidence and enough of the defendant's statement to indicate the nature of the case and the issues involved. We have carefully read the entire charge of the court and find that the judge never charged any defense of the defendant except in very general terms. In *Musgrove* v. *State,* 5 *Ga. App.* 467 (3), 471 (63 S. E. 538), Judge Russell, speaking for the court, said: "The practice of recharging the jury upon some particular point in issue in the case, where no request for instruction upon that point is made by them, should be most cautiously indulged, and can rarely be approved where the principle to which the attention of the jury is thus specifically directed has already been presented in the original charge of the court. The natural tendency of calling the attention of the jury specially to a certain legal principle upon which the case of one of the parties may especially depend is to magnify in the eyes of the jury any evidence adduced which is pertinent to that particular principle, and to stress the contention of one party, who may have relied upon it, to the manifest injury of the opposite party. Of course, what is now said has no application to those instances where the judge, by oversight, may have omitted in the first instance to instruct the jury upon some principle pertinent to the issues, or where upon reflection he becomes convinced that his prior instructions upon any point were erroneous; in which event he should recall the jury and explain and retract the error."

We think the reasoning in the foregoing statement by Judge Russell is eminently sound, and is applicable to the case at bar. We think that the repeated and lengthy charge upon the question of emergency so stressed a contention of the State as to magnify in the jury's eyes the evidence bearing upon that contention, and minimize the principal defense of the accused, which was self-defense. The judgment overruling the motion for a new trial is reversed solely for the reasons indicated above, the only other special ground being so similar to the exception discussed that it needs no separate consideration. For cases which, in principle at least, bear upon the question decided, see *Griffin* v. *State,* 34 *Ga. App.* 526, and cit.

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*