## 22680. RYAN *v.* THE STATE.

DECIDED FEBRUARY 4, 1933.

*Shelby Myrick,* for plaintiff in error.

*Walter C. Hartridge, Julian Hartridge, solicitors-general,* contra.

MACINTYRE, J. William Ryan was indicted for committing the offense of assault with intent to murder on December 7, 1931, in Chatham county, by shooting at E. A. Fitzgerald with a pistol. A jury found the defendant guilty of the crime charged and fixed the penalty at from six to eight years. The exception is to the judgment overruling Ryan's motion for a new trial, based upon the usual general grounds and seventeen special grounds.

Special ground 7 avers that the following charge of the court was argumentative and prejudicial to the defendant, and "set forth too strongly the contentions of the State, without at the same time setting forth the contentions of the defendant in that portion of the charge given, or elsewhere in the charge:" "The contention on the part of the State is that an agreement of conspiracy was entered into in Louisville, Kentucky, by this defendant and three fellow-conspirators; that there was stated by one of them that he knew in this city a man named Al Brown, who was said to carry a roll of money of from $1500 to $2000 on his person and a diamond ring, and they would come down here and 'knock him off'. See whether or not these persons did or did not come here. Were they here? If so, for what purpose were they here? If they were, did they do anything in pursuance of that alleged conspiracy? If so, what is the truth of it?" "The State's contention is that one or more of

them huddled about the DeSoto Hotel; that across the street were the DeRenne Apartments, and there lived Brown; that they stole a Buick automobile; that that automobile, or another automobile, or two of them, were used by this defendant; that he took the wheel of the car Brown was put into and they moved westward. to Whitaker street, and out Whitaker at a high rate of speed; that Fitzgerald, the motorcycle policeman, followed them and a chase took place; that this defendant was at the wheel and his coconspirators in the car with him; that the police attempted to stop them; Brown was in there in their hands; there was firing from the car. Firing at whom? That is the contention on the part of the State now—that these men had Brown in that car and that the defendant was at the wheel, and the policeman attempting to stop and arrest them was fired at—some fifteen shots, is the contention on the part of the State, by these men. See whether that contention is true or not."

In ground 8 the same exception set out in ground 7 is taken to the following charge of the court: "The State's contention is further that this defendant made a confession; that the confession in substance was that he and his alleged coconspirators, in Louisville, Kentucky, entered into this agreement to come down here to find this man Brown—'knock him off,' and get his money. . . Is there any other evidence that corroborates this alleged confession? The State insists that there is. . . The State contends that the confession is corroborated; that there were here at that time the men who this defendant says were with him in Louisville; that they got this automobile, or two of them. The State insists that they did get Brown physically—got him and they put him in the automobile. See whether or not this is corroborative of the alleged confession. What became of those alleged conspirators? Where did they go? What did they do? Look at the facts, and you determine whether or not that alleged confession has been corroborated. If it has not been corroborated, then you can not convict this defendant. If you find it has been corroborated, then you would be authorized to find that this defendant had entered into this alleged conspiracy."

In special ground 10 the following excerpt from the charge of the court is assigned as error for the identical reasons stated in the two preceding grounds: "What is the truth of it? Was this man,

with his hands on the wheel, speeding up that street, aiding and abetting the alleged conspiracy?"

"The office of a charge by the court is to give to the jury such instruction touching the rules of law pertinent to the issues involved in the pending trial, as will enable them intelligently to apply thereto the evidence submitted, and from the two constituents law and fact make a verdict. In delivering his charge the trial judge should carefully avoid an invasion of the province of the jury. He should refer to the evidence only so far as is necessary to present the leading issues in the cause, leaving the minor contentions of opposing counsel to the consideration of the jury under appropriate general instructions. It should contain no such summary of the evidence as might to a jury either seem to be an argument or amount to the expression or intimation of an opinion thereon." *Thomas* v. *State,* 95 *Ga.* 484 (3) (22 S. E. 315). Referring to the *Thomas* case, Justice Cobb, speaking for a united court in *Nelson* v. *State,* 124 *Ga.* 8, 10 (52 S. E. 20), said: "It was held in the case from which the above quotation was made that it was error for the presiding judge to repeat the substance of the testimony of the State's witnesses, and submit these, with the argumentative deductions therefrom by the State's counsel, as issues in the case. The judge should not in his charge take up and recapitulate in detail the testimony of the witnesses as it was delivered from the stand, in such a way as is calculated to leave the impression upon the minds of the jury that the testimony of such witnesses has established the fact contended for by one of the parties, or that such testimony is of a nature that is entitled to more consideration than other testimony in the case. *McVicker* v. *Conkle,* 96 *Ga.* 584, 597 [24 S. E. 23]. The ruling in the case just cited practically goes to the extent of holding that it is error for the judge to state to the jury what a witness has testified, such a statement being in effect an expression of opinion as to what has been proved. *Suddeth* v. *State,* 112 *Ga.* 407 [37 S. E. 747]." In *Waters* v. *State,* 3 *Ga. App.* 649, 653 (60 S. E. 335), the following language occurs: "We would not be understood as holding that the trial judge has no right to state the contentions of the parties and the issues, but he must state such contentions and issues fairly and impartially, without an opportunity for the jury to gather from his statement any leaning to one side rather than the other.

We do not think, however, that it is ever fairly within the scope of the court's prerogative to sum up the facts and circumstances testified to by the witnesses. This duty the law of this State imposes upon the jury, and the court can safely leave the performance of such duty where the law places it." It was held in *Wilson* v. *State,* 8 *Ga. App.* 816 (70 S. E. 193) : "Where the charge of the court is argumentative and so strongly states the contentions of one of the parties as to weaken and disparage those of the opposite party, and thus is liable to impress the jury that the court is of the opinion that the defendant is' guilty, a new trial should be granted." See also *Griffin* v. *State,* 34 *Ga. App.* 526 (130 S. E. 368).

We have grouped grounds 7, 8, and 10 for the reason that each of them bears upon the same question and is controlled by the same principles of law. We have seldom seen a more detailed, emphatic, argumentative, and vivid statement of the contentions of the State in a criminal case. Our conclusion is that each of the quoted excerpts from the charge of the court discloses reversible error, and that, when taken together, the harmful effect of the charge is greatly emphasized.

Several of the special grounds relate to the court's charge, or the refusal to charge, upon the law of conspiracy. The charge given upon the subject of conspiracy comports with the rule laid down in *Berryhill* v. *State,* 151 *Ga.* 416 (107 S. E. 158), and we discern no reversible error in any of these grounds. We are likewise of the opinion that the court's charge upon the subject of confessions was full and fair. One of the remaining grounds is abandoned; several of them are merely amplifications of the general grounds; and others present questions that may not arise upon another trial of the case. The general grounds will of course not be considered.         *Judgment reversed. Guerry, J., concurs.*

BROYLES, C. J., dissenting. Under the ruling in *Brown* v. *State,* 6 *Ga. App.* 356 (64 S. E. 1119), the excerpts from the charge in the instant case, stating the contentions of the State, were not erroneous. As was said by this court of the charge of Judge Hammond in the *Brown* case, when the charge of Judge Meldrim in the instant case "is viewed in connection with its context, it will be seen that it is not argumentative, and that it does not stress the State's contentions to the exclusion of those of the defendant, but

that the contentions of both are fairly and accurately presented; that it was not such a summary of the testimony as to convey the impression that the judge was expressing an opinion on the facts proved in the case. It was a very fair presentation, not of the testimony, but of the issues raised by the testimony. It draws the issues clearly and correctly, but it makes no reference to the particular testimony by which these issues are supported. We concede the insistence that it is graphic, but we do not concede that it is erroneous for the judge to charge the jury graphically. It is a rare faculty to be able to array the leading issues of a long trial before the jury graphically and vividly, without violating some of those rules which have been built up to keep the judge from encroaching upon the province of the jury; but Judge Hammond [or Judge Meldrim] seems to be one of the few men who can do so, and this power is to his credit as a trial judge, and not to his discredit." See, also, *Fickling* v. *State,* 166 *Ga.* 487 (143 S. E. 430), where a somewhat similar charge of Judge Meldrim's was held not error. And see *Plummer* v. *State,* 28 *Ga. App.* 475 (2) (111 S. E. 691), and cit. In *Griffin* v. *State,* 34 *Ga. App.* 526, cited in the majority opinion in the instant case, the court failed to charge *any* contention of the defendant.