## 60617. BELL v. THE STATE.

DEEN, Chief Judge.

The defendant appeals his conviction of burglary on the general grounds. The evidence shows that as the victim and his wife returned home from a temporary absence they saw a man jump from the porch and run to a blue parked Maverick automobile which the driver started as the trespasser approached, driving off with great speed and running a stop sign. At the same instant the wife, entering the house, called out that a television set in the living room was gone, and the victim's neighbor, who had seen the trespasser and was already on his way over, arrived with the intention of reporting to the victim. The victim engaged in hot pursuit and enlisted the aid of a nearby pedestrian. A rather confusing sequence followed in which the driver of the vehicle, finding his way impeded by a construction site, hastily swerved, jumped a curb, ran another stop sign, and passed the victim at high speed as the latter called to him to stop. At this point the car license was obtained and proved to be registered in the name of the defendant's mother, who stated that the vehicle in fact belonged to the defendant. The latter admitted driving the vehicle at the time of this incident but testified he had been paid to do so by the passenger, who told him he wanted to go to the house to buy drugs, and that he knew nothing of the burglary. He also denied having parked near the house a few days before. This contradicted testimony in his own behalf that he had driven off at a normal speed, and his reasons for failure to stop on being waved down.

One who intentionally aids or abets the commission of a crime by another is a party to the crime and equally guilty with the principal. The driver of a getaway vehicle who waits in the car while another commits a crime, starts the motor at the latter's approach, and drives precipitously away, speeding, running off the road to avoid obstacles, and failing to observe stop signs or calls to stop, may in the absence of convincing evidence to the contrary be found guilty as a party to the felonious conduct of his comrade. Cf. *Colvin v. State,* 155 Ga. App.

736 (1980). This and other evidence was sufficient to authorize the finder of fact (in this case a respected trial judge following a bench trial) to find him guilty beyond a reasonable doubt. *Williams v. State,* 153 Ga. App. 192 (264 SE2d 715) (1980).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED SEPTEMBER 10, 1980 — DECIDED OCTOBER 23, 1980.

*Robert L. Whatley,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys,* for appellee.