## 77116. YOUNG v. THE STATE.
### (373 SE2d 837)

McMURRAY, Presiding Judge.

Defendant was convicted of aggravated assault. He appeals, enumerating error upon the general grounds contending the evidence demonstrated he was acting in self-defense.

Viewing the evidence in a light favorable to the verdict, we find the following: Defendant had been drinking and had engaged in altercations with various persons on June 19, 1986. In the early morning hours of June 20, 1986, defendant came to the door of the victim's apartment several times. Defendant was 6 feet tall and weighed 170 pounds. The victim came out of the apartment carrying a baseball bat. He was 5 feet, 6 inches tall and weighed 128 pounds. Defendant and the victim were arguing with each other as defendant retreated into the street. The victim followed defendant. Suddenly, defendant hit the victim with a wooden stick and the victim fell to the ground. Defendant continued to beat the victim.

The victim's cheek and jaw were broken. His skull was fractured extensively; slivers of bone went into his brain. He was rendered deaf in his right ear and partially blind in his right eye. He now has no sense of taste or smell and suffers constantly from dizzy spells. *Held*:

The evidence was sufficient to enable any rational trier of fact to find defendant guilty of aggravated assault beyond a reasonable doubt. See *Nelson v. State*, 181 Ga. App. 455, 456 (1) (352 SE2d 636); OCGA § 16-5-21 (a) (2). Even if it could be said that defendant struck the first blow in self-defense, it is clear that the continued use of force (following the victim's fall) was not justified. See *Brown v. State*, 249 Ga. 805 (294 SE2d 510); OCGA § 16-3-21.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 28, 1988.

*Harlan M. Starr*, for appellant.

*Jack O. Partain III*, District Attorney, *Steven M. Harrison*, Assistant District Attorney, for appellee.