## A89A1814. BUTLER v. THE STATE.
(390 SE2d 278)

CARLEY, Chief Judge.

After a jury trial, appellant was found guilty of one count of burglary and two counts of armed robbery. Appellant appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdicts.

1. Relying upon OCGA § 24-3-50, appellant enumerates as error the admission of his confession into evidence.

"[F]actual and credibility determinations as to voluntariness of a confession are normally made at a suppression hearing and must be accepted by appellate courts unless such determinations are clearly erroneous. [Cit.]" *Moore v. State*, 179 Ga. App. 488, 490 (2) (347 SE2d 318) (1986). See also *Burley v. State*, 190 Ga. App. 75, 78 (3a) (378 SE2d 328) (1989). Even under appellant's own version of the events surrounding the giving of his confession, there was no showing of a violation of OCGA § 24-3-50. According to appellant, he was not promised a specific sentence, but was merely told that the prosecutor would be informed of his cooperation. "[A]greeing to tell the trial judge [or the prosecutor] of the defendant's cooperation if he confesses does not constitute the 'hope of benefit' contemplated by OCGA § 24-3-50. [Cits.]" *Moore v. State*, supra at 489 (2). Accordingly, it was clearly not error to admit appellant's confession into evidence.

2. The evidence showed that, in each armed robbery, the victim was a pizza delivery person. The robberies occurred on consecutive days when the victim was responding to a telephone request for the delivery of pizza to the same vacant apartment located in the complex where appellant lived. Evidence of appellant's guilt of the first robbery was clearly shown. In his confession, appellant stated that, upon learning of his commission of the first robbery, two of his friends wanted to emulate him. After the second call was made, appellant and his two friends waited together for the victim to arrive. Appellant observed the second robbery and shared the stolen pizza. On this evidence, appellant enumerates the general grounds as to the second

armed robbery.

"While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, ' "presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." ' [Cit.]" *Kimbro v. State*, 152 Ga. App. 893, 894 (264 SE2d 327) (1980). Compare *Smith v. State*, 188 Ga. App. 415, 416 (1) (373 SE2d 97) (1988). " '[I]f the [defendant] had knowledge of the intended crime *and* shared in the criminal intent of the principal actor, he is an aider and abettor. (Cits.) Hence, if the defendant was at the scene and did not disapprove or oppose the commission of the offense, a trier of fact may consider such conduct *in connection with* prior knowledge and would be authorized to conclude the defendant assented to the commission of the offense, that he lent his approval to it, thereby aiding and abetting the commission of the crime. (Cit.)' [Cits.]" (Emphasis supplied.) *Parker v. State*, 190 Ga. App. 126, 127 (378 SE2d 503) (1989). "After a review of the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. [Cits.]" *Kimbro v. State*, supra at 894.

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 10, 1990.

*Nicholas Pagano*, for appellant.
*Robert E. Keller, District Attorney*, for appellee.