A90A1764. McWHORTER v. THE STATE.
A90A1765. BRAZELTON v. THE STATE.
A90A2001. McWHORTER v. THE STATE.
(402 SE2d 60)

CARLEY, Judge.

Appellants were jointly tried before a jury and found guilty of aggravated assault. After the trial court entered judgments of conviction and sentences on the jury's guilty verdicts, each appellant filed a separate notice of appeal. The three appeals raise the same enumerations of error and they are hereby consolidated for appellate disposition in this single opinion.

1. Construing the evidence most favorably for the State, the jury could have found beyond a reasonable doubt that appellant W. McWhorter, acting without a reasonable belief that such force was necessary to prevent death or great bodily harm to himself, struck the victim in the head with a baseball bat and then struck him again after he had fallen to the ground. It follows that "[t]he evidence was sufficient to enable any rational trier of fact to find [appellant W. McWhorter] guilty of aggravated assault beyond a reasonable doubt. [Cits.]" *Young v. State*, 188 Ga. App. 601 (373 SE2d 837) (1988).

" 'While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, " 'presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' " (Cit.)' [Cits.] ' "(I)f the (defendant) had knowledge of the intended crime *and* shared in the criminal intent of the principal actor, he is an aider and abettor. (Cits.) Hence, if the defendant was at the scene and did not disapprove or oppose the commission of the offense, a trier of fact may consider such conduct *in connection with* prior knowledge and would be authorized to conclude the defendant assented to the commission of the offense, that he lent his approval to it, thereby aiding and abetting the commission of the crime. (Cit.)" (Cits.)' [Cit.]" (Emphasis in original.) *Butler v. State*, 194 Ga. App. 208, 209 (2) (390 SE2d 278) (1990). The evidence that appellant Brazelton drove appellant W. McWhorter to the scene and waited while the crime was being committed in his presence and then drove the getaway vehicle in a precipitous manner was sufficient to authorize the jury to find him guilty beyond a reasonable doubt as a party thereto. *Bell v. State*, 156 Ga. App. 190 (274 SE2d 153) (1980). The evidence that appellant D. McWhorter was acting as a

"look-out" during the commission of the crime and fled after its commission likewise authorized the jury to find him guilty as a party to that crime beyond a reasonable doubt. *Lay v. State*, 184 Ga. App. 655, 656 (1) (362 SE2d 458) (1987).

2. Appellants enumerate as error the trial court's giving of a charge on simple battery. However, error, if any, was harmless because the giving of the charge was favorable to appellants. "We find no harm to a defendant in a charge which permits a jury to select a lesser offense than that charged — even though it be error, where his conviction of the greater offense is supported by the evidence." *Dismuke v. State*, 142 Ga. App. 381, 385 (4) (236 SE2d 12) (1977). See also *Wright v. State*, 182 Ga. App. 570, 571 (2) (356 SE2d 531) (1987).

3. Appellants enumerate the trial court's charge on self-defense and mutual combat as erroneously burden-shifting.

The charge tracked the language of OCGA § 16-3-21 and expressly placed the burden of proof on the State as to self-defense. Nevertheless, even "[a]ssuming arguendo that a reasonable juror could potentially have interpreted [some portion of] the subject language as [unconstitutionally burden-shifting], we find no prejudice to [appellants'] substantial rights under the circumstances in this case. The trial court thoroughly and correctly charged the jury as to the burden of proof in a criminal case." *Mattox v. State*, 185 Ga. App. 787, 789 (2) (366 SE2d 158) (1988).

4. Appellants enumerate as error the trial court's failure to instruct on simple assault.

Even assuming that such an instruction would have been authorized (but see *Ross v. State*, 173 Ga. App. 313, 315 (8) (325 SE2d 919) (1985)), there was no reversible error. "There was no request either oral or written by [appellants] for an instruction on the lesser included offense of simple assault. In the absence of a timely written request, the trial court's failure to charge on a lesser included offense is not error. [Cits.]" *Lee v. State*, 166 Ga. App. 644, 645 (5) (305 SE2d 175) (1983).

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 17, 1991 —
REHEARING DENIED FEBRUARY 5, 1991 —

*John A. Beall IV, William C. Drosky*, for appellants (case nos. A90A1764 and A90A1765).

*Michael R. Hauptman*, for appellant (case no. A90A2001).

*Robert E. Keller, District Attorney, Albert B. Collier, Assistant*

*District Attorney*, for appellee.