A96A1712. CARTER v. THE STATE.
A96A1713. SCOTT v. THE STATE.
(481 SE2d 238)

BEASLEY, Judge.

Carter and Scott challenge their jury conviction for robbery, and the denial of their motion for directed verdict of acquittal. They were each found guilty of robbery by force against Dawson, a woman in her mid-eighties. OCGA § 16-8-40 (a) (1). Scott was also found guilty of robbery by sudden snatching from the woman. OCGA § 16-8-40 (a) (3).

The evidence is viewed on appeal in a light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; the appellate court does not weigh evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311) (1976); *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204) (1991); *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381) (1994).

So viewed, the evidence is that Dawson and her husband Coleman were at a shopping plaza. As they walked near columns in front of a drug store, Coleman saw three young males, one of whom ran through the crowd while another ran past Coleman. One grabbed Mrs. Dawson's purse, pulling her to the ground and breaking her arm. The trio then ran away.

Stephenson was in his van in the parking lot. He saw four young men walk from the parking lot to a nearby car wash and return. They walked over and each stood beside separate columns in front of the drug store for several minutes while looking at each other. Stephen-

son testified that as the Dawsons approached the columns, one of the young men ran out from behind and hit the woman while another snatched her purse. Stephenson described the other two young men as "flankers." The foursome then ran in front of Stephenson's van, laughing and joking.

Stephenson jumped out of his van and tried to stop the men. Unable to do so, he returned to his van and drove off in an attempt to locate them. As he turned onto the highway, he identified one of them in a white Toyota Corolla. He followed and pulled alongside at a traffic light. When he saw one of the men in the car look up at him and reach underneath his seat, Stephenson retrieved his own handgun and told them to pull over. The driver did not comply.

Stephenson called the police on his cellular phone and gave them his location. He chased the Toyota for ten or fifteen minutes. Officer Moore received the call, and when the white Toyota and Stephenson's van approached, he joined the chase and saw Mrs. Dawson's purse thrown from the window of the Toyota. The Toyota finally stopped and Moore arrested all six occupants, four males and two females. On the floorboard was a wallet containing Mrs. Dawson's credit cards, social security card, and driver's license.

At trial Stephenson identified Carter and Scott as two of the men standing beside the columns in front of the drug store. He further identified Scott as the person who struck Mrs. Dawson and Carter as one of the men who ran from the scene and drove the Toyota.

1. In two enumerations, Carter and Scott claim error in the court's giving of a certain recharge.

OCGA § 16-2-20 provides, "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. . . . A person is concerned in the commission of a crime only if he . . . [i]ntentionally aids or abets in the commission of the crime."

In the course of deliberations, the jury submitted the following question: "Can aiding and abetting occur after the criminal act has taken place (even if the accused had no prior knowledge that the particular act would take place)?"

After researching and reviewing several cases, including *Bell v. State*, 156 Ga. App. 190 (274 SE2d 153) (1980), *McWhorter v. State*, 198 Ga. App. 493 (402 SE2d 60) (1991), and *Purvis v. State*, 208 Ga. App. 653 (433 SE2d 58) (1993), and discussing the matter with counsel, the court decided to recharge in accordance with language found in *McWhorter*: "[1] While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the

criminal intent may be inferred. [2] If the defendant had prior knowledge of the intended offense and shared in the criminal intent of the principal actor, he is an aider and abettor. [3] Hence, if the defendant was at the scene and did not disapprove or oppose the commission of the offense, you may consider such conduct in connection with prior knowledge, and you would be authorized to conclude the defendant assented to the commission of the offense, that he lent his approval to it, thereby aiding and abetting the commission of the crime. [4] If you find that the defendant had knowledge of the commission of the offense and after the act drove the car in a precipitous manner, you would be authorized to find he was a party to the crime. [5] However, if you do not find that he had such knowledge, the state has not carried its burden of proof on this issue." (Sentence numbering supplied.)

Sentences 1 through 3 of the recharge are virtually identical to language found in *McWhorter*, supra. Sentence 4 is loosely adapted from language in that case, to wit: "The evidence that [appellant] drove [McWhorter] to the scene and waited while the crime was being committed in his presence and then drove the getaway vehicle in a precipitous manner was sufficient to authorize the jury to find him guilty beyond a reasonable doubt as a party thereto." Id. at 493 (1). *McWhorter* had relied on the following language from *Bell*, supra at 190: "The driver of a getaway vehicle who waits in the car while another commits a crime, starts the motor at the latter's approach, and drives precipitously away, speeding, running off the road to avoid obstacles, and failing to observe stop signs or calls to stop, may in the absence of convincing evidence to the contrary be found guilty as a party to the felonious conduct of his comrade."

Appellants first contend that sentence 4 is confusing and prejudicial when viewed in conjunction with the preceding sentences, and that it invaded the province of the jury by suggesting that merely having knowledge and driving the car would in and of itself be sufficient to convict Carter as a party.

First, "language which is appropriate when contained in an opinion by a reviewing court may be improper when embodied in a jury charge." *Lofton v. State*, 157 Ga. App. 447 (278 SE2d 94) (1981). While the court might have chosen more precise language to express the principle, the jury could not possibly have been confused or prejudiced by it. In the first three sentences, the jury was given well-established law on aiding and abetting in the broadest sense. The fourth sentence was merely a narrower explanation of this law, was tailored to the evidence, and was specifically derived from holdings in prior cases.

Second, the charge did not invade the province of the jury. See OCGA § 17-9-2. Sentence 4 was a "correct exposition of the law," *Grif-*

*fin v. State*, 154 Ga. App. 261, 265-266 (4) (267 SE2d 867) (1980), and in no way suggested the court was applying the law to the evidence.

Even if sentence 4 had been improper, "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." (Citations and punctuation omitted.) *Wells v. State*, 247 Ga. 792, 795 (2) (279 SE2d 213) (1981). The recharge as a whole presents an accurate picture of the law in OCGA § 16-2-20.

Carter and Scott also maintain that sentence 4 curtailed the jury's consideration of evidence that suggested Carter was not a party to the crime, by in effect excluding certain admissible evidence. They cite *Bullington v. Chandler*, 110 Ga. App. 803 (140 SE2d 59) (1964), for the rule that a charge is improper if it removes admissible evidence from the jury's consideration. Even assuming Scott has standing to advance this ground, the rule does not apply because the recharge as a whole provided an accurate and complete statement of the law relating to parties, and thus did not have the improper effect asserted.

Likewise, they argue, sentence 3 limited and directed the jury's focus to incriminating evidence, thereby diminishing the effect of exonerating evidence. The gist of appellants' argument is that the charge subliminally instructed the jury to only pay attention to the evidence that indicated Carter had knowledge and that he drove precipitously, and if they so found, they could properly find he was a party. The court should have balanced sentence 3, they urge, by instructing that if a defendant was at the scene and took measures to prevent or disassociate himself from any criminal activity, the jury could consider such conduct with evidence of lack of prior knowledge so as to conclude that defendant did not support or approve the commission of the offense.

This argument fails. The court reminded the jury in sentence 5 that if they did not find appellants had prior knowledge, the state had not carried its burden of proof on this issue. Accordingly, the court gave a "balancing" charge in appellants' favor.

Moreover, sentence 3 is an axiomatic principle of law in the area of aiding and abetting. See, e.g., *McWhorter*, supra; *Butler v. State*, 194 Ga. App. 208, 209 (2) (390 SE2d 278) (1990); *Parker v. State*, 190 Ga. App. 126, 127 (378 SE2d 503) (1989). The court is required to charge the law on those subjects which are material and applicable, and the charges must be tailored to the indictment and adjusted to the evidence admitted. *Crosby v. State*, 150 Ga. App. 555, 557 (2) (258 SE2d 264) (1979); *Ross v. State*, 255 Ga. 1, 5 (5) (334 SE2d 300) (1985). The law does not require the court to state the opposite or corollary of each charge given.

Appellants also contend that in crafting the recharge exclusively

from *McWhorter,* supra, and in failing to instruct in accordance with appellants' suggested charges, the judge violated OCGA § 17-8-57 by expressing his opinion that the State had proved its case.

Appellants pressed the court not to charge from *McWhorter* but instead to charge that "to be guilty as a party to a crime as an aider or abettor pursuant to OCGA § 16-2-20 (b) (3), a defendant must be an accessory before the fact." *Purvis,* supra at 654-655. Again, they argue that the charge from *McWhorter,* given exclusively, directed the jury to focus only on evidence suggesting appellants were aiders and abettors, to the exclusion of evidence suggesting they were merely accessories after the fact.

Although the evidence would have permitted the court to give the charge from *Purvis,* " '[i]t [was] not reversible error to fail to charge in the exact language requested when the charge given adequately covers the correct legal principles. (Cits.)' [Cit.]" *McGee v. State,* 172 Ga. App. 208 (1) (322 SE2d 500) (1984). The wording of the charge did not constitute an expression of opinion. OCGA § 17-8-57.

Carter and Scott also both objected after the recharge that the court had stressed the word "conduct" in the phrase "presence, companionship and conduct" in sentence 1. The court responded that the pace of the reading was slower because it was a requested clarification. Appellants argue the emphasis violated the spirit of OCGA § 17-8-57 because it likely prejudiced the jury. " ' "(Section) 17-8-57 is only violated when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be. (Cits.)" (Cits.)' [Cit.]" *Bussey v. State,* 202 Ga. App. 483, 485 (2) (414 SE2d 710) (1992). Appellants fail to show how the court's reading of the charge did so.

Appellants also contend sentence 4 is argumentative in that in the guise of stating the applicable law, the judge in fact argued the State's case. They submit, for example, that whether the defendant had knowledge and drove away in a precipitous manner was subject to debate, since there was evidence to the contrary, so that even if sentence 4 is a correct statement of the law, it should not have been read because it is argumentative in nature. They cite *Hutchinson v. Tillman,* 133 Ga. App. 660 (211 SE2d 912) (1975).

It is true that " '[w]here the charge of the court is argumentative and so strongly states the contentions of one of the parties as to weaken and disparage those of the opposite party, and thus is liable to impress the jury that the court is of the opinion that the defendant is guilty, a new trial should be granted.' " *Ryan v. State,* 46 Ga. App. 347, 350 (167 SE 720) (1933).

Appellants' complaint in this regard falls to the same analysis expressed in *Liberty Nat. Life Ins. Co. v. Power,* 112 Ga. App. 547, 554-555 (6) (145 SE2d 801) (1965): "[T]he charge to the jury must be

considered as a whole and each part considered in connection with every other part of the charge. [Cit.] Reading the charge as a whole, we find that the charge fairly presented the contentions of both parties. In order to be argumentative, the charge would have had to state inferences from the evidence, reasoning, or conclusions. It was not argumentative, for it merely stated the law appropriate to contentions of the parties made by the pleadings and evidence." Compare *Hosp. Auth. of Walker, Dade & Catoosa Counties v. Smith*, 142 Ga. App. 284, 288 (7) (235 SE2d 562) (1977) (court properly refused requested charge as argumentative in that it was couched in language more favorable to defendant than to plaintiff).

2. In their final enumeration, Carter and Scott enumerate as error the denial of their motions for directed verdict of acquittal. The court may direct this verdict when there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom demands a verdict of acquittal. OCGA § 17-9-1 (a). Such a verdict is mandated unless, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find each essential element of the crime beyond a reasonable doubt. *Jackson v. Virginia*, supra at 319 (III) (B); *Adams v. State*, 164 Ga. App. 295, 296 (1) (297 SE2d 77) (1982). Appellants' motions were properly denied in light of the resolution of conflicts in the evidence against appellants by the factfinder and the sufficiency of evidence of each essential element of the crime.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 3, 1997.

*Roosevelt Warren*, for appellant (case no. A96A1712).
*Clifton Boone*, for appellant (case no. A96A1713).
*J. Tom Morgan*, District Attorney, *Jacqueline S. Hardy, Desiree S. Peagler*, Assistant District Attorneys, for appellee.