## A03A0046. HEAD v. THE STATE.
(582 SE2d 164)

MILLER, Judge.

Following a jury trial, Sharon Head was found guilty on two counts of burglary and two counts of theft by taking. On appeal she contends that the trial court erred in failing to (1) grant her motion for a directed verdict of acquittal and (2) give her requested jury charges on Head's prior knowledge of her husband's criminal activity. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that on October 5, 2000, Head was in a Cobb County neighborhood to offer gutter-cleaning services to the neighborhood residents. Head was with her husband in a white Thunderbird with an aluminum ladder on the roof. Head's husband entered the open garage of one of the residences and stole a set of golf clubs. A neighbor of the victim saw the husband quickly throw the golf clubs into the back of the Thunderbird and jump into the passenger seat. A

---

woman, whom another witness later identified as Head, drove the Thunderbird away from the scene of the crime. The neighbor who had witnessed the theft attempted to get the tag number of the Thunderbird, but found that the tag was covered by a red cloth.

The next day, Head returned with her husband to the same Cobb County neighborhood and in the same white Thunderbird with the aluminum ladder attached to the roof. Head went to one of the homes and spoke with one of the residents about whether he needed to have his gutters cleaned. The resident declined, and Head returned to the Thunderbird while her husband stole more golf clubs from a garage next door. The resident with whom Head had just spoken witnessed Head's husband run to the car with the golf clubs. He then saw Head speed away from the scene with her husband. The resident took down the Thunderbird's tag information and informed police.

A month later, the police stopped the Heads while they were driving near the same Cobb County neighborhood in the white Thunderbird with a ladder on the roof and arrested them.

At trial Head moved for a directed verdict, asserting that her mere presence at the crime scene did not make her a party to her husband's alleged crimes. The court denied this motion and further refused to give several of Head's requested jury charges on the requirements for finding Head guilty as a party to the crimes, as the trial court determined that the charge that it gave was sufficient. A jury found Head guilty on two counts of theft by taking and two counts of burglary, and following the denial of her motion for new trial, Head appeals.

1. Head contends that the trial court erred in failing to grant her motion for a directed verdict of acquittal, asserting that the evidence was insufficient to show that she had such prior knowledge of her husband's crimes as to make her a party to those crimes. We disagree.

The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction. *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001). We view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Pursuant to OCGA § 16-2-21, "[a]ny party to a crime who did not directly commit the crime may be indicted, tried, convicted, and pun-

ished for commission of the crime upon proof that the crime was committed and that he was a party thereto. . . ."

> While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. If the defendant had knowledge of the intended crime and shared in the criminal intent of the principal actor, he is an aider and abettor. Hence, if the defendant was at the scene and did not disapprove or oppose the commission of the offense, a trier of fact may consider such conduct in connection with prior knowledge and would be authorized to conclude the defendant assented to the commission of the offense, that he lent his approval to it, thereby aiding and abetting the commission of the crime.

(Citations, punctuation and emphasis omitted.) *McWhorter v. State*, 198 Ga. App. 493 (1) (402 SE2d 60) (1991).

Here Head assisted her husband in committing the burglaries by not only driving with him to the scene of the crimes, but by serving as the getaway driver as well. In the first burglary, after driving with her husband to the crime scene, she waited in the car while her husband stole golf clubs from a garage and drove away with her husband after he quickly and haphazardly threw the golf clubs into their car. Their car tag was even concealed as the pair made their getaway. In the second burglary, Head again drove with her husband to the crime scene, but then acted as though she were soliciting work for her gutter-cleaning business while her husband stole more golf clubs from a nearby garage. Acting as the getaway driver once again, Head sped away from the scene with her husband. The evidence sufficed to show that Head was a party to her husband's crimes, and the trial court therefore did not err in denying Head's motion for a directed verdict of acquittal. See *McWhorter*, 198 Ga. App. at 493-494 (1); *Bell v. State*, 156 Ga. App. 190-191 (274 SE2d 153) (1980) (burglary conviction upheld where getaway driver waited in car during crime and drove away with burglar in precipitous manner).

2. Head argues that the trial court erred in failing to give her requested jury charges that were meant to clarify the bases upon which a person could or could not be convicted as a party to another's crime. We disagree.

"It is not reversible error to fail to charge in the exact language requested when the charge given adequately covers the correct legal principles." (Citations and punctuation omitted.) *McGee v. State*, 172

Ga. App. 208 (1) (322 SE2d 500) (1984); accord *Carter v. State*, 224 Ga. App. 445, 449 (1) (481 SE2d 238) (1997). The record here reveals that the trial court gave a clear charge on parties to a crime, knowledge of the crime on the part of the defendant, mere association, and mere presence at the crime scene. The law was adequately covered by the charge, the verdict was amply supported by the evidence, and it was highly unlikely that the charge as given would have misled a jury of ordinary intelligence into believing that Head was guilty of a crime if she had not in fact been a party to one. Cf. *Render v. State*, 257 Ga. App. 477, 479 (2) (571 SE2d 493) (2002). The trial court did not err in refusing to give Head's requested jury charges.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MAY 7, 2003.

*Martin & Parker, Roderick H. Martin, Russell John Parker, Jr.,* for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Philip A. Holloway, Assistant District Attorneys,* for appellee.