## A08A1238. STINSON v. THE STATE.

(668 SE2d 840)

JOHNSON, Presiding Judge.

Mickey Stinson, Stinson's uncle and Randall Elrod were tried on a 37-count indictment for charges involving a string of thefts and burglaries. A jury found Stinson guilty of most of the charges. Stinson filed a motion for new trial, and the trial court vacated three of his convictions, but denied the remainder of the motion. Stinson appeals from those counts denied by the trial court on his motion for new trial. For reasons that follow, we vacate Stinson's sentence on Count 9 of the indictment, remand the case to the trial court for resentencing on Count 9, and affirm Stinson's other convictions.

1. Stinson alleges the evidence was insufficient to support five counts of burglary and theft because nothing linked him to the burglaries or stolen goods and, even if there was a link, there was a "failure of proof" that the items recovered by authorities were the items alleged to have been taken. As to the first argument regarding the link to Stinson, we note that Stinson was charged as a party to the crime and as part of a conspiracy. Elrod testified that he had known Stinson and his uncle for seven to twelve years and that their relationship centered on stealing equipment; they did not really socialize, they just "stole stuff" together. According to Elrod, the defendants had reached a mutual agreement and shared a common understanding as to the method of operation as well as the roles each would play in the commission and furtherance of their crime spree, which involved the theft and subsequent fencing of expensive lawn and garden equipment. Elrod further testified that Stinson's uncle had a falling out with Earl Mims, one of the individuals who purchased much of the stolen equipment, so Stinson had to sell the equipment to Mims, and all three men received a portion of the proceeds from the sale of the stolen property.

Under OCGA § 16-2-20, a defendant is a party to a crime if he intentionally aids or abets the commission of the crime, or advises,

encourages, hires, counsels, or procures another to commit it.[1] Whether a defendant is a party to a crime may be inferred from the defendant's presence, companionship, and conduct before and after the crime was committed.[2] If Stinson knew of the intended crime and shared in the principal actor's criminal intent, he is an aider and abettor.[3] Whether Stinson was a party to a crime and aided and abetted his co-defendants in the crimes for which he was indicted or intentionally advised, encouraged, or counseled his co-defendants to commit the crimes was a question of fact for the jury.[4]

To establish a conspiracy, the state need only prove that two or more persons tacitly came to a mutual understanding to accomplish or to pursue a criminal objective.[5] A conspiracy may be inferred from the nature of the acts done, the relationship of the parties, the interest of the alleged conspirators, and other circumstances.[6] Thus, even if Stinson was not physically present during the commission of the crimes, "once a common design is shown by evidence tending to indicate that the individuals have associated themselves together to do an unlawful act, any act done in pursuance of that association by any one of the associates would, in legal contemplation, be the act of each of them."[7] An act done by any one of the conspirators pursuant to the agreement, including natural and probable collateral acts incident to and growing out of the original purpose, is the act of each of them, and they are jointly responsible for the act.[8]

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[9] "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court."[10] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[11]

Here, the state presented direct and corroborative evidence of the continuous criminal scheme entered into by the three defen-

---

[1] See *Perkinson v. State*, 273 Ga. 814, 816-817 (546 SE2d 501) (2001).

[2] Id. at 817.

[3] See *Head v. State*, 261 Ga. App. 185, 187 (1) (582 SE2d 164) (2003).

[4] See *Greene v. State*, 257 Ga. App. 837, 840 (3) (572 SE2d 382) (2002).

[5] See *Saxon v. State*, 266 Ga. App. 547, 553-554 (3) (597 SE2d 608) (2004).

[6] Id.

[7] (Citations and punctuation omitted.) *Greene*, supra.

[8] See *Everritt v. State*, 277 Ga. 457, 459 (588 SE2d 691) (2003).

[9] *Head*, supra at 186 (1).

[10] *Odett v. State*, 273 Ga. 353, 353-354 (1) (541 SE2d 29) (2001).

[11] *Parnell v. State*, 260 Ga. App. 213, 218 (6) (581 SE2d 263) (2003).

dants, and the trial court charged the jury on both conspiracy and parties to a crime. Stinson has not alleged that these charges were erroneous, and he has not appealed on this ground. Viewed in a light to support the jury's verdict, Stinson's appeal based on the sufficiency of the evidence linking him to the crimes at issue fails because the jury could have found from the evidence that he was guilty beyond a reasonable doubt of the charges at issue based on his involvement as a party to the crime or as a co-conspirator.

Stinson's claim that the evidence is insufficient because the state failed to prove the recovered items were the items alleged to have been stolen likewise fails. Stinson cites to portions of the transcript where the property owners state the items "could be," "appears to be," and "looks like" the stolen items. However, the transcript also contains testimony from the same property owners identifying the items as the "same make, model" and a "fair and accurate representation" of the stolen items. In addition, Mims and Billy Carden, another individual who purchased some of the stolen property, positively identified Stinson, and both men testified about the property they purchased from Stinson or from Stinson's uncle. Testimony from the detective who recovered many of the stolen items and from other property owners identifying their stolen items was also introduced.

The state is entitled to rely on circumstantial evidence to show that the property found was the same as that which was stolen.[12] "And, once one item of stolen property is identified as being in the possession of the defendant, any question of identity of the remainder goes to the weight of the evidence relating to identification, and the weight of the evidence is a question for the jury."[13] Here, Mims, Carden, and Elrod specifically testified that Stinson possessed (either directly or with his co-conspirators) many of the stolen items. The evidence presented by the state was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that Stinson stole the items alleged to have been stolen in the five counts about which Stinson complains.

2. Stinson contends, and the state acknowledges, the evidence was insufficient to support the jury's verdict as to Count 9 of the indictment because specific value was not proven. While value is not an element of the crime of theft by taking, it is relevant in order to distinguish between a felony and a misdemeanor for sentencing purposes.[14] Since the state did not establish that the item alleged to have been taken in Count 9 exceeded the felony threshold, Stinson

---

[12] See *Duncan v. State*, 278 Ga. App. 703, 706 (1) (a) (629 SE2d 577) (2006).

[13] (Citations and punctuation omitted.) Id.

[14] *DuCom v. State*, 288 Ga. App. 555, 561 (3) (654 SE2d 670) (2007).

may not be sentenced for felony theft by taking. We must vacate his sentence on Count 9 and remand to the trial court for misdemeanor sentencing on that count.[15]

*Judgment affirmed in part and vacated in part; case remanded for resentencing as to Count 9. Barnes, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 22, 2008.

William J. Mason, for appellant.

*J. Gray Conger, District Attorney, Gail M. Travillian, Wesley A. Lambertus, Assistant District Attorneys,* for appellee.