A09A1049. JOHNSON v. THE STATE.

(683 SE2d 659)

MILLER, Chief Judge.

A Newton County jury convicted Jarred Johnson of one count of hijacking a motor vehicle (OCGA § 16-5-44.1), two counts of aggravated assault (OCGA § 16-5-21), one count of first degree cruelty to children (OCGA § 16-5-70 (b)), four counts of possession of a firearm during the commission of a felony (OCGA § 16-11-106), and one count of possession of less than one ounce of marijuana (OCGA § 16-13-30). Johnson now appeals from the denial of his new trial motion, arguing that (i) the evidence was insufficient to support his convictions; and (ii) the trial court failed to define attempt with respect to its charge to the jury on hijacking a motor vehicle. Finding that the evidence was sufficient to support his convictions under the theories of conspiracy and parties to a crime, we affirm.

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the record shows that in the late evening of November 17, 2006, Shawn Nelson was sitting in his car talking on his cell phone, while parked outside his aunt's house on Spring Road. A man suddenly approached the driver's side window, tapped a gun on the window, and pointed it at Nelson. Nelson attempted to lock the door of the car; however, the man opened the door, put the gun to Nelson's forehead, ordered him to get out of the vehicle and then to get back in it. As the two wrestled inside the car, Nelson's arm hit the car horn, and he called for his grandfather. His family ran outside to see about the commotion, and the assailant fled on foot across the street. Nelson's family called the police, and Nelson described his attacker to 911 as a black man wearing brown coveralls, glasses, and a black skull cap,

and that he possessed a black 9 millimeter gun.

Angela Rosser was driving on Spring Road that same evening when she nearly struck a man, who darted out in front of her vehicle. Wearing brown coveralls and a black stocking cap over his head, the man ran across the street and got into the passenger side of a Mitsubishi Mirage, which was parked in a driveway with its parking lights on. The driver of the Mitsubishi was wearing a dark-colored ski mask. Rosser called 911 to report the incident after the Mitsubishi followed her car a short distance before turning on its headlights.

Sergeant Frank Pfirman with the Georgia State Patrol testified that he stopped Johnson's vehicle in Rockdale County. Michael Anderson was the front seat passenger, wearing coveralls. Johnson was driving the vehicle and both Johnson and Anderson were wearing black skull caps. Officer Beau Alexander with the Newton County Sheriff's Office received information about the hijacking on Spring Road, including a description of the assailant's vehicle and its occupants. Learning that the vehicle was in close proximity to him near Interstate 20 and that Georgia State Patrol was involved in the pursuit, the officer followed the vehicle until State Patrol Sergeant Pfirman stopped it. Officer Alexander conducted a pat-down search of Anderson, and a gun fell from his pants leg to the ground. Sergeant Pfirman found marijuana in Johnson's left front pocket during a pat-down search of him.

1. Johnson argues that the evidence was insufficient to support his convictions because he was not a party to the crimes.

(a) Hijacking a motor vehicle.

Johnson argues that since he did not know that Anderson had a gun, he could not be convicted of hijacking a motor vehicle. Given that the evidence supports Johnson's conviction under the theories of conspiracy and parties to a crime, we disagree.

A person commits the offense of hijacking a motor vehicle when "such person while in possession of a firearm . . . obtains a motor vehicle from the person or presence of another by force and violence or intimidation or attempts or conspires to do so." OCGA § 16-5-44.1 (b).

The plain terms of OCGA § 16-5-44.1 (b) and the indictment specify conspiracy as a method of committing the crime of hijacking a motor vehicle. Under Georgia law, a defendant is culpable for the consequences of his co-defendant's acts under the theory of conspiracy if he "together with one or more persons conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy." (Citation and punctuation

omitted.) *Williams v. State*, 267 Ga. 308, 309 (2) (477 SE2d 570) (1996).

> A conspiracy is an agreement between two or more persons to do an unlawful act, and the existence of a conspiracy may be established by proof of acts and conduct, as well as by proof of an express agreement. When persons associate themselves in an unlawful enterprise, any act done by any party to the conspiracy to further the unlawful enterprise is considered to be the act of all the conspirators. However, each person is responsible for the acts of others only insofar as such acts are naturally or necessarily done to further the conspiracy.

Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 2.02.20 (2007). The trial court instructed the jury on conspiracy, which mirrors the concept of parties to a crime. See *Grant v. State*, 198 Ga. App. 357, 358-359 (1) (b) (401 SE2d 761) (1991) (parties to crime theory "embodies the theory of conspiracy insofar as it renders one not directly involved in the commission of a crime responsible as a party thereto") (citation and punctuation omitted).

A defendant is a party to a crime "if he intentionally aids or abets the commission of the crime, or advises, encourages, hires, counsels, or procures another to commit it." (Footnote omitted.) *Stinson v. State*, 294 Ga. App. 184, 184-185 (1) (668 SE2d 840) (2008); OCGA § 16-2-20 (b). "Mere presence at the scene is not sufficient to convict one of being a party to a crime, but criminal intent may be inferred from conduct before, during, and after the commission of a crime." (Punctuation and footnote omitted.) *Buruca v. State*, 278 Ga. App. 650, 652 (1) (629 SE2d 438) (2006). Further, "[w]here a getaway driver waited for his co-defendant[ ] to return to the car, the driver was also guilty of his co-defendant['s] crimes." (Footnote omitted.) *Jackson v. State*, 274 Ga. App. 279, 281 (617 SE2d 249) (2005).

At trial, the State presented the testimony of Steven Brown, Anderson's cell-mate at the Newton County jail. Brown testified that Anderson told him that he and Johnson planned to steal a car to use in future robberies because they did not want to commit the crimes in Johnson's mother's car. Johnson was driving his mother's car on November 17, 2006 because neither he nor Anderson owned a car at the time. Brown testified that Anderson referred to Johnson and him committing the crime together. According to Brown, Anderson also stated that he and Johnson had frequented convenience stores on prior occasions to observe the delivery routines of store personnel leaving the store with money bags in order to prepare for their own

robberies. Brown's testimony was sufficient to establish the existence of a conspiracy between Anderson and Johnson to commit an unlawful act, i.e., to steal a car. OCGA § 24-4-8 ("[t]he testimony of a single witness is generally sufficient to establish a fact"). Further, Anderson's act of pointing a gun at Nelson's head and ordering him out of his car was an "overt act to effect the object of the conspiracy." (Citation and punctuation omitted.) *Williams*, supra, 267 Ga. at 309 (2).

Therefore, even if Johnson was not physically present during the hijacking, given the evidence of his agreement with Anderson to steal a car, "any act done in pursuance of that association by [Anderson] would, in legal contemplation, be the act of [Johnson]." (Punctuation and footnote omitted.) *Stinson*, supra, 294 Ga. App. at 185 (1). Additionally, Johnson could be convicted of hijacking a motor vehicle even if he had no knowledge that Anderson was planning to use a gun to perpetrate the crime because Anderson's use of the gun was "naturally or necessarily done in furtherance of the conspiracy [to steal a vehicle] even though not part of the original agreement. (Cit.)" *Williams v. State*, 276 Ga. 384, 386 (4) (578 SE2d 858) (2003) (in armed robbery case, the State was only required to prove that defendant was a member of a conspiracy to rob the store and that co-conspirator's use of a weapon was naturally or necessarily done in furtherance of that crime).

The jury could also find that Johnson was a party to the crime because he drove Anderson to the Spring Road neighborhood to steal a "random" car, and had prior knowledge that Anderson intended to steal a car. Anderson instructed Johnson to park his car across the street from Nelson's house and wait for him there. Following Anderson's failed attempt to steal Nelson's vehicle, he fled the scene and jumped into Johnson's vehicle, telling Johnson to "drive, go." These facts support a finding that Johnson was the "getaway" driver. *Jackson*, supra, 274 Ga. App. at 281. Further, Johnson's act of driving the car away from the scene with dimmed headlights is circumstantial evidence of his guilt.

(b) Aggravated assault.

Johnson was indicted upon two alternative counts of aggravated assault. Count 2 of the indictment charged him with assaulting Nelson with the intent to rob, by pointing a gun at him and demanding that he exit his vehicle. Count 3 of the indictment charged Johnson with assaulting Nelson with a deadly weapon, by pointing a gun at his head.

A person commits the offense of aggravated assault "when he . . . assaults . . . [w]ith intent to . . . rob." OCGA § 16-5-21 (a) (1). Aggravated assault can also be committed by assaulting another person "[w]ith a deadly weapon." OCGA § 16-5-21 (a) (2).

Nelson's testimony that Anderson pointed a gun at his head while attempting to gain control of his vehicle sufficed to prove both counts of aggravated assault. OCGA § 16-5-21 (a) (1) and (2). In light of our holding in Division 1 (a), we likewise conclude that the jury could have found Johnson guilty beyond a reasonable doubt of two counts of aggravated assault based on his involvement as a party to the crimes or as a co-conspirator. *Stinson*, supra, 294 Ga. App. at 185 (1); *Williams*, supra, 276 Ga. at 386 (4). See also *Middlebrooks v. State*, 241 Ga. App. 193, 195 (3) (526 SE2d 406) (1999) (a conspiracy can be proven and charged even though a defendant is not indicted under that theory).

(c) First degree cruelty to children.

A person commits the offense of cruelty to children in the first degree when he "maliciously causes a child under the age of 18 cruel or excessive . . . mental pain." OCGA § 16-5-70 (b).

Inasmuch as this offense is based on Nelson's testimony that Anderson pointed a gun at his forehead, we conclude that the evidence was sufficient to support Johnson's conviction for first degree cruelty to children as a party and co-conspirator for the reasons stated in Division 1 (a). *Williams*, supra, 276 Ga. at 386 (4); *Jackson*, supra, 274 Ga. App. at 281; *Middlebrooks*, supra, 241 Ga. App. at 195 (3).

(d) Possession of firearm during commission of a felony.

Johnson was indicted upon four counts of possession of a firearm during the commission of a felony. The underlying felonies for these counts were hijacking a motor vehicle, two counts of aggravated assault, and first degree cruelty to children.

Under OCGA § 16-11-106 (b) (1), "[a]ny person who shall have on or within arm's reach of his . . . person a firearm . . . during the commission of . . . [a]ny crime against or involving the person of another . . ." is guilty of possession of a firearm during the commission of a felony.

Given our disposition of Division 1 (a), the jury was entitled to conclude that Johnson was a party to each of the four counts of possession of a firearm during the commission of a felony, for which the underlying felonies were hijacking a motor vehicle, two counts of aggravated assault, and first degree cruelty to children. See *Anderson v. State*, 237 Ga. App. 595, 596 (2) (516 SE2d 315) (1999) ("Where a party has possessed a firearm during the commission of a felony, an accomplice who is concerned in the commission of the crime under OCGA § 16-2-20 is likewise guilty of both [the felony and the possession of firearm] offenses.") (citation and punctuation omitted).

(e) Possession of less than one ounce of marijuana.

Under OCGA § 16-13-30 (j) (1), "[i]t is unlawful for any person

to possess ... marijuana." Since the marijuana was found in Johnson's pocket when he was arrested, and Rosser observed him traveling in Newton County before his arrest in Rockdale County, the evidence was sufficient to conclude beyond a reasonable doubt that Johnson was guilty of possession of less than one ounce of marijuana. OCGA § 17-2-2 (e) ("[i]f a crime is committed upon any ... vehicle ... traveling within this state and it cannot readily be determined in which county the crime was committed, the crime shall be considered as having been committed in any county in which the crime could have been committed through which the ... vehicle ... has traveled").

2. Johnson argues that the trial court failed to instruct the jury with the definition of attempt in conjunction with its jury charge on hijacking a motor vehicle. We are not persuaded.

"In reviewing an allegedly erroneous jury instruction, we apply the plain legal error standard of review." (Citation and punctuation omitted.) *White v. State*, 291 Ga. App. 249, 251 (661 SE2d 865) (2008).

It is imperative that the jury understand the essential elements of the crime charged in order to determine whether the State has met its burden of proof beyond a reasonable doubt. See *Jones v. State*, 272 Ga. 900, 902 (2) (537 SE2d 80) (2000). Here, the trial court provided the jury with a complete instruction on the elements of hijacking a motor vehicle. Johnson never requested a written charge on the definition of attempt and failed to specifically object to the trial court's failure to define attempt following completion of the jury charge. OCGA § 17-8-58 (a). The general rule is that "where no written request for a jury charge has been filed, the failure to give that charge is not error." (Citation and punctuation omitted.) *Clay v. State*, 232 Ga. App. 656, 658 (2) (503 SE2d 560) (1998). Given that the hijacking statute also authorizes a conviction under the theory of conspiracy, the trial court's failure to give an unrequested charge on attempt was not "a substantial error in the charge which was harmful as a matter of law." OCGA §§ 16-5-44.1 (b) (hijacking may be committed when a person while in possession of a firearm attempts or conspires to obtain a motor vehicle from another person by intimidation); 5-5-24 (c). Accordingly, Johnson's failure to preserve the error constitutes a waiver of the issue. OCGA § 17-8-58 (b); *Metz v. State*, 284 Ga. 614, 620 (5) (669 SE2d 121) (2008) (defendant's failure to object to charge on accomplice testimony at the conclusion of the jury charge resulted in waiver).

For the reasons set forth above, we affirm the trial court's order denying Johnson's motion for a new trial.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED AUGUST 17, 2009.

*Teresa L. Smith*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Layla H. Zon, Assistant District Attorney*, for appellee.