A10A0847. ROMERO v. THE STATE.
A10A0848. TORRES v. THE STATE.
(705 SE2d 195)

BARNES, Presiding Judge.

These companion appeals arise from the convictions of co-defendants Armando Angel Romero and Harry Louis Torres for aggravated assault following the denial of their motions for new trials. Both men contend that the trial court erred in denying their motions for directed verdict because the evidence was insufficient. We find no reversible error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that the victim worked as a clerk at a convenience store. On August 22, 2008, two men walked into the store. One of the men asked the victim for cigarettes, and when the victim turned away, the man hit him on his head with a pipe. The two men ran from the store, jumped into a waiting car, and sped away. The victim recalled that the man who attacked him had been in the store approximately one week before the incident, and had become angry because the gas pump was not functioning. The man told the victim that he would "see [the victim] later."

Several patrons observed the men leaving the store. One witness observed three men standing and talking at the rear of their car, before two of the men went into the store. The third man waited in the car. The witness saw the two men come out of the store "fairly quick[ly]" approximately two minutes later, and one of the men tucked what appeared to be a water pipe in the waistband of his pants. The men jumped in the car and "took off real fast." He got the tag number of the car before it sped away.

Another witness was stopped at a red light when she saw the victim run out of the store "bleeding from the face" chasing another man who jumped into a green car. The green car pulled out in front of her and she wrote down the tag number. A third witness had just

driven into the parking lot of the store when she saw two men run out of the store. The victim followed with "blood dripping all down the front of his shirt." The men jumped into a car where a third man was waiting in the driver's seat and drove off in a "big hurry."

Using the store's surveillance video and the tag number, police identified Romero as one of the men and obtained an arrest warrant for him. Police tracked the car used in the incident to a Dalton residence, and after obtaining a search warrant recovered three iron pipes from the back seat. Police told the owner of the car that they were looking for Romero. Romero contacted police, and in his interview identified Torres and Daniel Luing as the other men involved in the incident. The men were arrested and charged with aggravated assault "as parties to a crime" for assaulting the victim with a pipe.

Romero and Torres were tried together, and the third co-defendant, Luing, could not be located at the time of the trial. The jury found the men guilty of aggravated assault.

Romero and Torres maintain identical arguments on appeal — the evidence was insufficient to sustain their convictions, and thus the trial court erred in denying their motions for directed verdict. Each argues that the State has merely shown their presence at the scene of the crime.

> A defendant is a party to a crime "if he intentionally aids or abets the commission of the crime, or advises, encourages, hires, counsels, or procures another to commit it." (Footnote omitted.) *Stinson v. State*, 294 Ga. App. 184, 184-185 (1) (668 SE2d 840) (2008); OCGA § 16-2-20 (b). "Mere presence at the scene is not sufficient to convict one of being a party to a crime, but criminal intent may be inferred from conduct before, during, and after the commission of a crime." (Punctuation and footnote omitted.) *Buruca v. State*, 278 Ga. App. 650, 652 (1) (629 SE2d 438) (2006). Further, "(w)here a getaway driver waited for his co-defendant( ) to return to the car, the driver was also guilty of his co-defendant('s) crimes." (Footnote omitted.) *Jackson v. State*, 274 Ga. App. 279, 281 (617 SE2d 249) (2005).

*Johnson v. State*, 299 Ga. App. 706, 708 (1) (683 SE2d 659) (2009). However, "driving a criminal perpetrator away from a crime scene with knowledge that he has committed the crime does not, in and of itself, render one guilty as a party to the crime." *Ratana v. State*, 297 Ga. App. 747, 750 (678 SE2d 193) (2009). But

> [i]f the defendant had knowledge of the intended crime and shared in the criminal intent of the principal actor, he is an

> aider and abettor. Hence, if the defendant was at the scene and did not disapprove or oppose the commission of the offense, a trier of fact may consider such conduct in connection with prior knowledge and would be authorized to conclude the defendant assented to the commission of the offense, that he lent his approval to it, thereby aiding and abetting the commission of the crime.

(Citation and punctuation omitted.) *Head v. State*, 261 Ga. App. 185, 187 (1) (582 SE2d 164) (2003). "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6.

Here, during the trial the State presented the video surveillance from the convenience store showing that Romero drove the men to the store, and while he pumped gas the three men stood in the rear of the car talking. Torres then went into the store, and Romero and Luing remained outside. The camera showed Luing doing something near the waistband of his shirt while Romero watched from nearby. After Torres came back from inside the store, the three men talked again and when Romero finished pumping gas, Torres and Luing went into the store together. Romero got into the car, and he left the passenger-side front and back doors open. The video surveillance camera in the store showed that Torres stood nearby when Luing attacked the victim and did not intervene, but waited until the attack was over and ran out of the store with Luing.

In their statements given to police both men denied knowing that Luing was planning to attack the victim when he went into the store. Romero said that he only knew that Luing had previously complained about a clerk at a convenience store who had made disparaging remarks about Mexicans, but that he did not know it was the victim. He also said that he saw Luing with the pipe, but told him not to do anything and that he did not see Luing put the pipe in his pants. Romero told police that he did not know that Luing attacked the victim until the men were back in the car and Luing told him that he "pulled out the pipe and slapped [the victim] twice."

Torres told police that the men went to the station to get gas, and he entered the store the first time alone to pay for the gas. Torres stated that he knew that Luing had previously conflicted with the victim because the victim told Luing that "you Hispanic people need to learn how to talk our language." He said that he went into the station the second time with Luing to make sure that the victim did not do anything to harm Luing because the victim had "chased [Luing] with a tool before," and that he did not know that Luing had the pipe.

Based on this circumstantial evidence, the jury was entitled to infer that Romero and Torres accompanied Luing to the convenience store knowing that he intended to assault the victim because of their past differences, and that Romero had specifically served as the getaway driver, and that Torres had accompanied Luing inside the store as a lookout making both men parties to the aggravated assault.

As noted before, "presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Citation omitted.) *Head*, 261 Ga. App. at 187 (1). See *Parnell v. State*, 260 Ga. App. 213, 219-220 (6) (581 SE2d 263) (2003) (Where a getaway driver waited for his co-defendants to return to the car, the driver was also guilty of his co-defendants' crimes.).

> Whether circumstances were sufficient in this case to exclude every reasonable hypothesis except that of defendant[s'] guilt was a question for the jury. It is only when the evidence is insupportable as a matter of law that the jury's verdict may be disturbed, even where the evidence is entirely circumstantial.

(Footnote omitted.) *Buruca*, 278 Ga. App. at 653 (1).

Accordingly, as the evidence was sufficient, the trial court did not err in refusing to direct a verdict in these cases.

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED OCTOBER 29, 2010 —
RECONSIDERATIONS DENIED DECEMBER 13, 2010 — 

*Kelley A. Dial*, for appellant (case no. A10A0847).
*Kearston M. Gill*, for appellant (case no. A10A0848).
*T. Joseph Campbell, District Attorney, Elizabeth M. York, Assistant District Attorney*, for appellee.