A11A0291. DOCKERY v. THE STATE.

(711 SE2d 100)

ANDREWS, Judge.

Crystal Faye Dockery appeals after a jury found her guilty of child molestation, enticing a child for indecent purposes, and furnishing alcohol to a minor. Dockery claims that the evidence was insufficient to support the verdicts. After reviewing the record, we conclude there was no error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was that Charles Dockery, defendant's husband, went to the

victim's home one night and asked her if she wanted to help him paint. The victim, who was 11 years old at the time, agreed to go with him. When they arrived at the Dockerys' home, Charles went to the liquor store and left the victim alone with the defendant. The victim testified that Crystal Dockery gave her a bluish folder to read. She said that the folder contained "porn." The victim said that Dockery gave her alcohol to drink and also gave her red thong underwear. Dockery asked the victim if she had ever had sex.

At some point, Charles Dockery came home. The victim stated that he pulled down her pants and then offered her $10 if she would put on the red thong underwear. The victim testified that Dockery also pulled down the red thong underwear after she put it on and then kissed her on the lips.

The victim became scared and told the Dockerys that it was late and she had to go home. The victim's mother testified that when the victim came home her eyes were bloodshot and she could smell alcohol on her breath. The mother said that the victim told her that Charles Dockery gave her $10 to put on the red thong underwear. The mother went over to the Dockerys and told Crystal not to come near her daughter again. The mother said that Crystal "was pretty drunk" when she got there.

When officers searched the Dockerys' house, they found a blue spiral notebook containing pornographic stories, a pornographic magazine, and other pornographic photographs. An officer read pornographic material from the notebooks to the jury.

The jury found Dockery guilty of all charges. This appeal followed.

When reviewing a challenge to the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

> The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citation and punctuation omitted.) *Robinson v. State*, 296 Ga. App. 561, 561-562 (675 SE2d 298) (2009).

1. Dockery was charged with aiding and abetting Charles Dockery in several counts of child molestation and in enticing a child for

indecent purposes. She claims that the evidence was insufficient to find her guilty of enticing a child for indecent purposes because there was no evidence that she aided and abetted Charles Dockery in convincing the victim to come to their home. Dockery also argues that there was no evidence that she aided or abetted her husband in the acts that formed the basis for the charges of child molestation.

The law states: "A person commits the offense of enticing a child for indecent purposes when he or she solicits, entices, or takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts." OCGA § 16-6-5 (a).

OCGA § 16-2-20 provides: "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. A person is concerned in the commission of a crime only if he: . . . [i]ntentionally aids or abets in the commission of the crime." OCGA § 16-2-20 (a) and (b) (3).

> A defendant is a party to a crime if he intentionally aids or abets the commission of the crime, or advises, encourages, hires, counsels, or procures another to commit it. OCGA § 16-2-20 (b). Mere presence at the scene is not sufficient to convict one of being a party to a crime, but criminal intent may be inferred from conduct before, during, and after the commission of a crime. [For instance], where a getaway driver waited for his co-defendant to return to the car, the driver was also guilty of his co-defendant's crimes. *Jackson v. State*, 274 Ga. App. 279, 281 (617 SE2d 249) (2005).

(Citations and punctuation omitted.) *Romero v. State*, 307 Ga. App. 348, 349 (705 SE2d 195) (2010).

Further,

> if the defendant had knowledge of the intended crime and shared in the criminal intent of the principal actor, he is an aider and abettor. Hence, if the defendant was at the scene and did not disapprove or oppose the commission of the offense, a trier of fact may consider such conduct in connection with prior knowledge and would be authorized to conclude the defendant assented to the commission of the offense, that he lent his approval to it, thereby aiding and abetting the commission of the crime.

(Punctuation omitted.) *Romero*, supra at 349-350.

Here, the evidence was that when Charles Dockery brought the victim back to his home, he left her with Crystal Dockery who admits to giving the victim the thong panties. There was also evidence that

Dockery gave the victim alcohol, and gave the victim pornographic materials to read before Charles Dockery came home. The victim testified that Crystal Dockery was close by on the couch when Charles Dockery pulled down her pants, tried to kiss her, pulled down her underwear and offered her money to put on the thong.

Accordingly, there was evidence that Crystal Dockery had prior knowledge of the intended crimes, shared in the intent of Charles Dockery to entice the victim to their home, and was present for the crimes of child molestation.

> Whether circumstances were sufficient in this case to exclude every reasonable hypothesis except that of defendants' guilt was a question for the jury. It is only when the evidence is insupportable as a matter of law that the jury's verdict may be disturbed, even where the evidence is entirely circumstantial.

*Romero*, supra at 351. The evidence, as set out above, was sufficient to support Crystal Dockery's convictions of aiding and abetting Charles Dockery in enticing a child for indecent purposes and of child molestation. See *Jackson v. Virginia*, supra.

2. Dockery contends that the evidence was insufficient to support her conviction for furnishing alcohol to a minor. We disagree. Although Dockery denied the charge in her statement to police, the victim testified at trial in detail about Dockery giving her alcohol to drink. The victim's mother testified that when the victim returned home, her eyes were bloodshot and she "could smell the alcohol on her breath." Accordingly, there was sufficient evidence to support the conviction of furnishing alcohol to a minor. *Jackson v. Virginia*, supra.

3. Dockery argues that the evidence was insufficient to support her conviction of child molestation by providing the victim with sexually explicit stories. The victim testified that Dockery gave her a blue notebook containing these stories, and officers found this notebook when searching the Dockerys' house. Crystal Dockery does not deny that the victim read the stories, but claims that the victim found the notebook and began reading it.

"It was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence." (Punctuation omitted.) *Fox v. State*, 289 Ga. 34 (709 SE2d 202) (2011). Viewed in the light most favorable to the verdict, the evidence presented at trial and summarized above was sufficient for a rational jury to find Dockery guilty beyond a reasonable doubt of the crime charged. See *Jackson v. Virginia*, supra.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED MAY 16, 2011.

*Sean J. Lowe,* for appellant.
*Herbert E. Franklin, Jr., District Attorney, Alan C. Norton, Assistant District Attorney,* for appellee.