**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.** **http://www.gaappeals.us/rules**

**August 2, 2017**

# In the Court of Appeals of Georgia

A17A0950. HOLLOWAY v. THE STATE.

BETHEL, Judge.

Travis Lydell Holloway appeals from his conviction on one count of burglary and one count of hijacking a motor vehicle.[1] He asserts that he received ineffective assistance from his trial counsel and that there was insufficient evidence to support his conviction for hijacking. For the reasons set forth below, we affirm.

---

[1] Holloway and three co-defendants were indicted for murder, felony murder, burglary, and hijacking a motor vehicle. Holloway entered not-guilty pleas and proceeded to trial. Holloway, through his counsel, admitted to his involvement in the burglary but denied all of the other allegations against him. He was acquitted of the murder and felony murder charges but was convicted of the charges for burglary and hijacking a motor vehicle. The facts of this case relevant to Holloway's conviction for hijacking a motor vehicle are discussed in Division 2. We have not set forth facts relating to Holloway's conviction for burglary because he has not challenged the sufficiency of the evidence against him on that count and because, as set forth in Division 1, we do not reach the merits of his other enumeration of error.

1. Holloway first contends that he received ineffective assistance from his trial counsel. However, Holloway's claim for ineffective assistance is barred by the Georgia Supreme Court's decision in *Glover v. State*[2] and its progeny. In *Glover*, the Georgia Supreme Court ruled that because "a claim of ineffectiveness of trial counsel must be asserted at the earliest practicable moment," such claims must "be raised before appeal if the opportunity to do so is available; that the ability to raise the issue on motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a procedural bar to raising the issue at a later time." 266 Ga. at 184 (2) (citations and emphasis omitted).

In this case, Holloway concedes that his enumeration of error in his brief before this Court is the first instance in which he has raised the issue of his trial counsel's ineffectiveness. Holloway never filed a motion for a new trial and instead filed multiple motions for out of time appeal, one of which was made with the assistance of appointed appellate counsel.[3] Thus, not only did Holloway not move for a new trial

---

[2] 266 Ga. 183, 183-84 (2) (465 SE2d 659) (1996).

[3] *Cf., e.g., Haggard v. State*, 273 Ga. App. 295, 295-96 (614 SE2d 903) (2005). In *Haggard*, this Court determined that the defendant's appeal was the first time the ineffectiveness claim could have been raised by the defendant because his trial counsel had participated in the filing of the motion for a new trial. *Id.*

2

at any point in these proceedings, he also pursued his appeal to this Court, at least in part, with the assistance of a new appellate counsel who would have been free to raise ineffective assistance of counsel as a basis for a new trial with the court below.[4] *Cf. Bridges v. State*, 279 Ga. 351, 357 (11) (613 SE2d 621) (2005) (remand to trial court with direction is appropriate where defendant was represented by trial counsel until after notice of appeal was filed). As Holloway and his new appellate counsel did not seize the opportunity to address the issue of the trial counsel's ineffectiveness with the court below, *Glover* bars this Court's consideration of Holloway's ineffectiveness claim on appeal.

2. Holloway also contends that the evidence presented against him at trial was insufficient to support his conviction for hijacking a motor vehicle.[5] Following a

---

[4] We note that while motions for new trial must generally be filed within 30 days after the entry of the verdict, OCGA § 5-5-40 (a) provides that this deadline does not apply "in extraordinary cases." Thus, even though Holloway engaged a new appellate counsel for the first time well after the running of the 30-day deadline, OCGA § 5-5-40 (a) contemplates that he, with the assistance of his appellate counsel, could have moved for a new trial with the trial court and raised his claim for ineffective assistance of counsel in that forum before bringing this appeal.

[5] Holloway does not challenge the sufficiency of the evidence supporting his conviction for burglary. His brief notes that his trial counsel admitted in his closing argument that Holloway committed the charged burglary, and he suggests elsewhere in the brief that only the evidence for his hijacking conviction was insufficient.

conviction in a criminal case, our sufficiency of the evidence review is limited to a determination of whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the defendant committed the essential elements of the crime beyond a reasonable doubt. *Gray v. State*, 213 Ga. App. 507, 509 (1) (445 SE2d 328) (1994).

Holloway was charged with hijacking a motor vehicle pursuant to OCGA § 16-5-44.1 (b), the "essential elements" of which are: "(1) possessing a firearm or weapon; (2) while obtaining . . . a motor vehicle from the person or presence of another; (3) by force and violence or intimidation." *Bradford v. State*, 223 Ga. App. 424, 425 (1) (477 SE2d 859) (1996). A person is also guilty of this offense if he or she attempts or conspires to do these acts. OCGA § 16-5-44.1 (b).

Here, the evidence presented shows that Holloway and several others were walking through a parking lot when they found a man and a woman in a vehicle. Holloway and another assailant approached the vehicle, and Holloway pulled the woman from the passenger seat and threw her to the ground. Holloway then moved around the vehicle and brandished a gun at the man who was seated in the driver's seat. Holloway then removed him from the vehicle and began beating him with the gun. One of the other men who had come with Holloway was "watching out" while

4

this incident occurred. After the driver was subdued, Holloway and the other men who had been walking with him got in the vehicle and drove it away. Holloway was not driving the vehicle.

The woman who was pulled from the passenger seat of the vehicle recognized Holloway, testifying at trial that she knew Holloway because he is her cousin. She testified that she saw Holloway the day after the incident and that he told her where to find the stolen vehicle. Holloway also later admitted to law enforcement that he was present at the scene where the incident occurred and that he rode in the vehicle after it had been stolen.

This evidence was sufficient to allow a rational jury to find that Holloway committed each element of the charged offense beyond a reasonable doubt. Here, the testimony established Holloway's possession of a gun that he used to hit the victim. Holloway has not suggested in his appeal that the gun described by the witnesses fails to meet the statutory definitions of the terms "firearm" or "weapon" in OCGA § 16-5-44 (a) (1) and (3), and witness testimony describing Holloway's possession and use

of the gun in the course of the incident satisfies the requirement that Holloway was in possession of the weapon or firearm at the time of the offense.[6]

Likewise, the evidence indicates that Holloway and the other men "obtained" the vehicle "from the person and presence" of the victim as the result of this encounter. "[A]pplying the ordinary meaning of 'obtain,' the offense of hijacking a motor vehicle is concluded when possession of the motor vehicle is acquired." *Gordon v. State*, 316 Ga. App. 42, 46 (1) (a) (728 SE2d 720) (2012) (citations and emphasis omitted). The evidence here indicates that not only did Holloway and the others obtain control and possession of the vehicle after the victim had been subdued but that they also moved the vehicle to another location. Additionally, the evidence shows that the vehicle was obtained after removing the victim from the vehicle and beating him. Thus, the vehicle was clearly obtained from the victim. *See Whaley v. State*, 337 Ga. App. 50, 53-54 (1) (785 SE2d 685) (2016) (presence requirement satisfied when the defendant took the victim's keys from the victim upon threat of violent injury and then retrieved the car from the parking lot); *see also Heard v. State*,

---

[6] *See Hughes v. State*, 185 Ga. App. 40, 41 (363 SE2d 336) (1987) (requiring evidence of "[s]ome physical manifestation of a weapon . . . or some evidence from which the presence of a weapon may be inferred" to support these elements of the offense).

287 Ga. 554, 555 (1) (697 S.E.2d 811) (2010) (noting that "the concept of immediate presence is broadly construed if the object taken was under the victim's control or responsibility and the victim is not too distant") (citation omitted).

As to the third element of the crime, the evidence presented shows that the vehicle was obtained from the victim through force and violence. Holloway and another of the assailants forcibly removed the victim and another person from the vehicle, and Holloway proceeded to hit the victim with a gun, such that he could not resist the efforts of Holloway and the others to drive the vehicle away.

Finally, we note that although the record indicates that someone other than Holloway drove the car away from the scene of the incident, the jury could infer Holloway's criminal intent to commit the hijacking, including the element of obtaining the vehicle from the victim, due to his conduct "before, during, and after" the crime. *Johnson v. State*, 299 Ga. App. 706, 708 (1) (a) (683 SE2d 659) (2009). As this Court ruled in *Johnson*, the act of pointing a gun at the head of the vehicle's owner and ordering him from the car is an overt act to effect the object of a conspiracy to hijack a vehicle. *Id*. at 709. Likewise, Holloway's admitted presence at the scene of the incident, his possession of a firearm, his role in forcibly removing the vehicle's occupants, and his presence in the vehicle after it had been stolen

demonstrate several acts on his part to effect the hijacking of the victim's vehicle even though he was not the person who ultimately drove it from the scene.

Finding sufficient evidence in the record to support each element of the charge for hijacking a motor vehicle, we conclude that a rational jury could find Holloway guilty of the offense beyond a reasonable doubt. We therefore affirm his conviction.

*Judgment affirmed. McFadden, P. J., and Branch, J., concur*.