**SECOND DIVISION**
**MCFADDEN, C. J.,**
**MILLER, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**December 2, 2020**

# In the Court of Appeals of Georgia

A20A1646. CLAY v. THE STATE.

McFADDEN, Chief Judge.

A jury found Dontavis Clay guilty of hijacking a motor vehicle (OCGA § 16-5-44.1), kidnapping (OCGA § 16-5-40), aggravated assault and aggravated assault with a deadly weapon (OCGA § 16-5-21), false imprisonment (OCGA § 16-5-41), terroristic threats (OCGA § 16-11-37), and possession of a firearm during the commission of a felony (OCGA § 16-11-106). He appeals his convictions for these offenses, arguing that the evidence was insufficient to support them and that he was entitled to a directed verdict of acquittal because the convictions were based on uncorroborated accomplice testimony. We find no merit in Clay's arguments, because other evidence corroborated the accomplice testimony. So we affirm.

"When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979)." *Harper v. State*, 298 Ga. 158 (780 SE2d 308) (2015) (citation omitted). This standard also applies to our review of the trial court's denial of a directed verdict of acquittal. *Howard v. State*, 334 Ga. App. 7 (1) (778 SE2d 19) (2015). In applying this standard, we "do[ ] not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference given to the jury's assessment of the weight and credibility of the evidence." *Harper*, supra (citation omitted).

So viewed, the trial evidence showed that on June 27, 2016 the victim was abducted from a vehicle outside a store. During the course of the abduction, her assailants struck her on the head, forced her into an SUV, held her at gunpoint, held her captive in a shed, threatened to kill her, and forced her back into the SUV, which ultimately crashed in a high-speed chase with police.

Throughout the incident, the assailants called and texted the victim's adult sons numerous times, informing them of the abduction, demanding ransom, threatening to kill the victim, and arranging to meet the sons to obtain the ransom. Some of those

2

calls came from a cellular phone with a phone number that belonged to Clay. There was also evidence of multiple calls placed between Clay's phone number and a phone number belonging to one of the assailants during the course of the abduction.

There was no evidence that Clay was one of the persons in the SUV during the abduction. But Demetrius Sims, who *was* in the SUV at the time of the police chase and crash, testified at trial that he saw Clay that evening with some of the other assailants at the location where the victim was held captive and that he heard Clay make at least one of the calls to the victim's sons. Sims's testimony supported a finding that Clay was a party to the crimes for which he was convicted. See OCGA § 16-2-20 (b) (3) (a person who intentionally aids or abets in the commission of a crime may be charged with and convicted of that crime as a party to it); *Johnson v. State*, 299 Ga. App. 706, 707 (1) (a) (683 SE2d 659) (2009) (same).

Clay characterizes Sims's testimony as uncorroborated accomplice testimony. Our "Evidence Code provides that to sustain a felony conviction, the testimony of an accomplice must be corroborated. See OCGA § 24-14-8." *Bradshaw v. State*, 296 Ga. 650, 653 (2) (769 SE2d 892) (2015) (footnote omitted). But evidence corroborating the testimony of an accomplice

may be slight, and may be entirely circumstantial. The evidence need not be sufficient in and of itself to warrant a conviction, so long as it is independent of the accomplice's testimony and directly connects the defendant to the crime or leads to the inference of guilt. Evidence of the defendant's conduct before and after the crime was committed may give rise to an inference that he participated in the crime. Once the [s]tate has introduced independent evidence implicating the defendant, it is for the jury to decide whether the accomplice's testimony has been sufficiently corroborated.

*Mangram v. State*, 304 Ga. 213, 216 (II) (817 SE2d 682) (2018) (citations and punctuation omitted). The evidence connecting Clay's cellular phone to the abduction, detailed above, was "slight evidence from an extraneous source identifying the accused as a participant in the criminal act[.]" *Lewis v. State*, 293 Ga. 110, 113 (1) (744 SE2d 21) (2013) (citation and punctuation omitted). The jury was authorized to find from this evidence that Sims's testimony had been corroborated. See id. at 115 (4) (cell phone records showing that an accomplice had called the defendant shortly after the crime corroborated another accomplice's testimony implicating the defendant in the crime).

*Judgment affirmed. Miller, P. J., and Mercier, J., concur.*