**FIFTH DIVISION
MCFADDEN, P. J.,
HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**September 12, 2025**

# In the Court of Appeals of Georgia

A25A0913. WARD v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, C. J. Ward was convicted of hijacking a motor vehicle, aggravated battery, and the possession of a firearm in the commission of those offenses.[1] Ward challenges the sufficiency of the evidence to authorize the hijacking-a-motor-vehicle conviction, but from the evidence a rational trier of fact could find beyond a reasonable doubt that he committed that offense. He also argues that the trial court erred in denying his request for a pattern jury charge on his good character, but he waived ordinary appellate review of this claim and has not shown plain error. So we affirm.

---

[1] The jury also found Ward guilty of other counts that were merged for sentencing purposes and are not at issue in this appeal.

1. *Sufficiency of the evidence*

"Following a conviction in a criminal case, our sufficiency of the evidence review is limited to a determination of whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the defendant committed the essential elements of the crime beyond a reasonable doubt." *Holloway v. State*, 342 Ga. App. 462, 463 (1) (804 SE2d 125) (2017).

So viewed, the evidence showed that on December 3, 2016, Ward and another person, Tyler Hall, went to the residence of Sidney Hunt. They initially planned to steal some of Hunt's possessions, but they abandoned that plan because Hunt seemed suspicious and would not leave them alone in his residence.

Hunt agreed to drive Hall home. As Hunt was driving, Ward, who was in the front passenger seat, pulled out a firearm and shot Hunt twice in the neck, paralyzing him. With the help of Hall, who was in the backseat, Ward then pushed Hunt out of the moving car. Ward moved into the driver's seat and drove the car away, leaving Hunt in the road where he was struck by another vehicle.

Ward argues that this evidence was insufficient to support his conviction for hijacking a motor vehicle in the first degree. We disagree.

"A person commits the offense of hijacking a motor vehicle in the first degree when such person while in possession of a firearm or weapon obtains a motor vehicle from an individual or the presence of another individual by force and violence or intimidation or attempts or conspires to do so." OCGA § 16-5-44.1 (b) (1). The essential elements of the offense are "(1) possessing a firearm or weapon; (2) while obtaining or attempting to obtain a motor vehicle from the person or presence of another; (3) by force and violence or intimidation." *Jackson v. State*, 309 Ga. App. 24, 27 (1) (a) (709 SE2d 44) (2011) (citation, punctuation, and emphasis omitted).

The evidence, viewed in the light most favorable to the prosecution, established those essential elements. It showed that Ward possessed a gun; that while in possession of the gun he obtained a motor vehicle from Hunt; and that he did so by force. This evidence was sufficient to support his conviction for first degree hijacking of a motor vehicle. See *Davis v. State*, 306 Ga. 594, 597-598 (1) (832 SE2d 341) (2019) (holding that evidence that the defendant shot the victim with a firearm, then took his car, authorized a conviction for first-degree hijacking of a vehicle).

Nevertheless, Ward argues that our opinion in *Jackson*, supra, 309 Ga. App. 24, requires a different outcome. It does not. *Jackson* holds that, to support a conviction

for hijacking of a motor vehicle, "the use of the offensive weapon must either precede or be contemporaneous with, and not subsequent to, the taking." Id. at 28 (1) (a) (citation and punctuation omitted). Unlike in *Jackson*, where the evidence showed that a gun was pointed at the car's owner only *after* the defendant had begun driving away in the car, id. at 24-29 (1) (a), there was evidence in this case that Ward used a gun against Hunt *before* taking his car.

Ward also argues that the evidence did not show he intended to use the gun to take the car, but only used it in self-defense. We disagree. In determining if an accused has the necessary criminal intent, "the factfinder may consider the circumstances surrounding the act for which the accused is being prosecuted . . . ." *Fairwell v. State*, 311 Ga. App. 834, 836 (1) (a) (717 SE2d 332) (2011). See OCGA § 16-2-6. Although Ward testified that he shot Hunt in self-defense during an altercation in the car, believing that Hunt was reaching for a gun, there was also evidence that Hunt was unarmed at the time and that no altercation occurred between the two men. The jury was not required to accept Ward's explanation of the events, see *Jones v. State*, 319 Ga. 140, 144 (2) (902 SE2d 599) (2024), but instead could find that Ward intended to

4

use the gun to obtain possession of Hunt's car when he shot Hunt twice, pushed him out of the car, and then drove away in it.

To the extent Ward claims that the evidence was insufficient to support any of his other convictions, he has made no argument and cited no authorities to support such claims, so we deem them abandoned. See Court of Appeals Rule 25 (d) (1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Rider v. State*, 366 Ga. App. 260, 264 (1) n. 6 (883 SE2d 374) (2022) (holding that an appellant, who focused his sufficiency arguments solely on certain convictions, abandoned any sufficiency challenges related to the convictions that were not addressed in his appellate brief).

2. *Jury charge*

Ward challenges the trial court's denial of a requested jury instruction. He asked the trial court to give the jury the suggested pattern jury instruction on a defendant's good character, which at the time of his trial stated:

> You have heard evidence of the (character of the defendant) (character of the defendant for a particular trait, more specifically _____) in an effort to show that the defendant likely acted in keeping with such character or trait at pertinent times or with reference to issues in this case. This evidence has been offered in the form of (opinion of (an) other

witness(es)) (reputation) (specific instances of conduct of the defendant showing such trait). You should consider any such evidence along with all the other evidence in deciding whether or not you have a reasonable doubt about the guilt of the defendant.

Georgia Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.37.10 (4th ed. 2007; updated Jan. 2019). The trial court declined to give the requested charge on the ground that "nobody [had] offered any opinions or reputation evidence."

Because Ward did not object to the trial court's ruling below, we review this claim for plain error. OCGA § 17-8-58 (b). "[W]e may reverse only if the instructional error was not affirmatively waived by the defendant, was obvious beyond reasonable dispute, likely affected the outcome of the proceedings, and seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Norris v. State*, 309 Ga. 11, 13 (2) (843 SE2d 837) (2020) (citation and punctuation omitted). As detailed below, Ward has not shown that any error by the trial court was obvious beyond reasonable dispute.

"To authorize a requested jury instruction, there need only be slight evidence supporting the theory of the charge." *Adkins v. State*, 314 Ga. 477, 483 (3) (877 SE2d 582) (2022) (citation and punctuation omitted). Ward argues he was entitled to the

good-character charge because the jury heard testimony that addressed his good character. He points to testimony from state's witnesses that although Ward currently acted like a "tough guy," he "used to be a little preacher boy until after his mother passed away[,]";[2] that the witness, a family friend, "couldn't imagine [Ward] doing such a thing"; and that Ward "had a lot of confidence." He also points to his own testimony that before this incident he had never been arrested.

It is not clear that we must characterize this testimony as proof of Ward's good character. "Proof of good character is that evidence introduced by a defendant to show circumstantially that he is unlikely to have committed the crime for which he is accused." *Blackwell v. State*, 351 Ga. App. 302, 304 (2) (a) (830 SE2d 782) (2019) (citation and punctuation omitted). "OCGA §§ 24-4-404 (a) (1) and 24-4-405 (a) authorize a criminal defendant to offer evidence of a pertinent trait of character by presenting testimony as to the defendant's reputation for that trait." *Wright v. State*, 315 Ga. 459, 461 (1) n. 2 (883 SE2d 294) (2023).

Neither the comments made by the state's witnesses nor Ward's testimony about his lack of a criminal history appear to fall within that definition. See *Morris v.*

---

[2] Ward testified that his mother passed away when he was nine years old.

*State*, 301 Ga. 702, 706 (2) (a) (804 SE2d 42) (2017) (declining to characterize offhand comments made during the state's case-in-chief to be evidence about a defendant's general reputation for good character); *Cobb v. State*, 356 Ga. App. 187, 189 (2) (843 SE2d 912) (2020) (noting, in finding that the trial court did not plainly err in failing to give sua sponte an instruction on the defendant's good character, that the witnesses "did not testify as to their personal knowledge of [the defendant's] good or law-abiding reputation in the community"). See also *United States v. Thomas*, 676 F2d 531, 535-537 (III) (11th Cir. 1982) (holding that defendant who testified that he had never been convicted of a crime was not entitled to an instruction on good character evidence). And we are not persuaded to find plain error by *State v. Hobbs*, 288 Ga. 551 (705 SE2d 147) (2010), to which Ward cites, because that case was decided under our former evidence code and did not concern whether proof of good character had been presented at trial.

Because it is not obvious beyond reasonable dispute that the testimony to which Ward points would have authorized a jury instruction on good character, Ward has

not shown that the trial court's refusal to give such an instruction was plain error. See

*Priester v. State*, 350 Ga. App. 200, 204-205 (3) (828 SE2d 439) (2019).

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*